Fulmer vs. Wightman and another.

Fulmer, Respondent, vs. Wightman and another, Appellants.

*April 11 — May 1, 1894.*

*Contracts: Conditional promise to pay debt to third person: Court and jury.*

Purchasers of a saw-mill agreed with their vendor to pay an outstanding note given by him. He also owed a smaller amount to workmen for sawing timber for the purchasers, and they afterwards paid such workmen, to prevent the filing of a lien on the timber. In an action against such purchasers by the payee of the note, it is *held* that they are liable for the full amount due thereon, notwithstanding said payment to the workmen, unless their agreement to pay the note was conditional upon payment of the workmen by their vendor.

APPEAL from the Circuit Court for *Juneau* County.

Action upon an agreement by the defendants to pay the note of one Stinson, the plaintiff being the payee and owner of said note. The facts are stated in the opinion. The defendants appeal from a judgment in favor of the plaintiff.

For the appellants the cause was submitted on the brief of *F. S. Veeder.*

For the respondent there was a brief by *Winsor & Winsor,* and oral argument by *F. Winsor.*

Pinney, J. The plaintiff was the payee and owner of a note for $150 against one Stinson, dated January· 5, 1888, payable September 1, 1889; with ·interest. Stinson owned

a saw-mill, subject to some incumbrances, and in March, 1888, he entered into a written agreement with the defendants, *Wightman* and *Arnold*, for the sale of the mill to them for $50, and by which, among other things, they bound themselves to pay such incumbrances and Stinson's note to the plaintiff; and he had notice of such promise, and claimed the benefit of it from the defendants. This action was brought by the plaintiff on the agreement, for the failure of the defendants to pay the note. It was insisted in defense, in substance, that Stinson owed certain workmen for sawing timber for defendants, and that they agreed with Stinson to pay his said $150 note to the plaintiff if Stinson paid said workmen. The amount due the workmen was $113, and the defendants paid it, to prevent them from filing a lien on their timber and lumber. The defendants tendered the balance of said $150 and interest over and above the $113 so paid.

The written agreement had been lost, and the contest at the trial was whether the defendants' agreement to pay plaintiff's note was absolute or conditional as above stated. The evidence on the part of the plaintiff was that the defendants promised to pay all debts Stinson had contracted against the mill, and that they should pay Stinson's note for $150 to the plaintiff. The evidence on the part of the defendants was to the effect that the defendants were to take the mill, with incumbrances, and pay the plaintiff's note, provided Stinson paid the men who worked for him. On this question the evidence was conflicting. The court refused to charge the jury that "there is no provision in the contract binding the defendants to pay the $113, and they, having paid it, are not obliged to pay it again, but can deduct it from the amount they stipulated to pay the plaintiff by the contract." This instruction was properly refused, because of the proof on the part of the plaintiff that the promise of defendants to pay his note was absolute

Fulmer vs. Wightman and another.

and unconditional, and the court could not properly give any instruction ignoring such evidence. The court explained the issue very clearly to the jury, and stated that the question was one of fact, to be settled by the jury: "If you find for the plaintiff, you may find the whole amount due upon the note, principal and interest; that is, if you find for the plaintiff upon the entire issue,— the entire amount of the plaintiff's claim. If you only find the amount tendered, you may say you find the plaintiff entitled to recover $50,— the amount tendered." The court also charged the jury to the effect that if the contract "was subject to a condition that if Stinson paid his men the defendants would pay the $150 and all of it, and if he did not keep that agreement, and they had to pay $113 on that account, the plaintiff cannot recover for that amount. If that claim is true, than I think the plaintiff is entitled only to a verdict for the amount tendered,— $50." The jury found for the plaintiff in the full amount of his claim, for which he had judgment, and the defendants appealed.

The claims of the respective parties were fairly submitted to the jury, and there is sufficient evidence to sustain the verdict. The case was one within the familiar rule that, where one makes a promise to another for the benefit of a third person, such third person can maintain an action in his own name upon the promise, though the consideration does not move from him. *Putney v. Farnham*, 27 Wis. 187; *Bassett v. Hughes*, 43 Wis. 319; *Grant v. Diebold S. & L. Co.* 77 Wis. 75. Under the instructions and evidence, the jury, in effect, have negatived the claim that there was any breach of the contract on the part of Stinson. The recovery is plainly right.

*By the Court.*— The judgment of the circuit court is affirmed.