THE ELECTRIC APPLIANCE COMPANY, Respondent, vs. THE UNITED STATES FIDELITY & GUARANTY COMPANY, imp., Appellant.

*March 22 — May 21, 1901.*

*Suretyship and guaranty: Municipal corporations: Liability for laborers' and materialmen's claims: Waiver.*

1. Where a contract with a city for the erection of a lighting plant expressly stipulated that the bond to be given by the contractor for the faithful performance thereof should also be conditioned for the payment by the contractor of all claims for material and labor, the acceptance of a bond without such condition embodied therein is a waiver thereof.

2. Statutes giving a mechanic's lien do not extend to, and cannot be enforced against, the buildings and real estate of municipal corporations held for public use.

3. In such case where the contract provides that the plant shall be completed and ready for acceptance free and clear of all claims or liens for labor performed or material furnished, a materialman cannot maintain an action against a surety on a bond given by the contractor to the city for the faithful performance of his contract, the engagement of the surety being with the city and not with third persons.

4. To entitle a person to recover on an agreement between third persons there must not only be an *intent* to secure some benefit to him, but there must be a promise, legally enforceable.

5. Where a bond to secure a contract with a city for the erection and installation of a lighting plant was conditional for the faithful performance of the contract, and the contract provided that, before final payment by the city, the contractor should present receipts in full for all labor performed and materials furnished in the construction and installation of the plant, no action can be maintained on such bond where full payment was made in violation of such express stipulation of the contract.

APPEAL from an order of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Reversed.*

The defendant *The United States Fidelity & Guaranty Company* has appealed from an order overruling a demurrer to the plaintiff's complaint. The complaint was challenged on the ground that there was a defect of parties defendant, and that it did not state facts sufficient to constitute a cause of action. It appears that the city of Waupun was desirous of erecting a municipal lighting plant. Bids were invited, and on September 2, 1899, a contract was entered into between the city and the defendants Rockwell & Snyder to erect the same, and have it fully completed and ready for delivery on or before November 15th of that year. The contract stipulated, among other things, that the plant should be delivered "free and clear of all claims or liens for labor performed or materials furnished or otherwise," and that, before final payment should be made therefor or be deemed to be due on

said contract, the contractors should present to the city re-
ceipts in full for all labor performed and materials furnished
in and about the construction and installation of the plant.
It also provided that the contractors should furnish a bond
in the sum of $20,000, conditioned for the faithful perform-
ance of the contract on their part, and for the payment by
them of all claims for materials and labor.   A bond was
given by the defendant guaranty company conditioned that
the contractors should "well, truly, and faithfully comply
with all the terms, covenants, and conditions of said contract
on their part to be kept and performed, according to its
terms," subject to certain provisions now to be stated: The
city was to notify the surety, in writing, of any act on the
part of the contractors under the contract, which might in-
volve a loss for which the surety might become liable, imme-
diately after the occurrence of such act shall have come to
the city's knowledge.   In the event of a breach of any con-
dition of the bond, the surety was to be subrogated to all
rights of the contractors growing out of the contract, and
all deferred payments or moneys thereafter to become due
were to be credited upon any claim the city might make
upon the surety because of such breach.   Another condition
was that the city should give the surety "due notice before
the last payment under the contract herein referred to is
made to the principal; otherwise, this obligation shall be
void as to any liability of the surety hereunder."   The com-
plaint then sets out that, in order to carry out the contract,
the contractors purchased merchandise and machinery of
the plaintiff amounting to $2,396.79, which were used in the
construction and equipment of the plant.   The contractors
have fully complied with the conditions of the contract on
their part, except that they have not paid plaintiff's de-
mands and the claims of others.   The city has accepted the
plant and paid the contractors therefor.   It is further al-
leged that the surety was duly notified by the city of the

failure of the contractors to comply with the conditions of their contract as to the payments of said claim immediately after its breach, and immediately after the occurrence of such breach had come to the knowledge of the city, a copy of such notice being attached to the complaint. The prayer for relief is that plaintiff be subrogated to the rights of the city as against the other defendants, and for judgment against them for the amount of its claim. The bond in question runs to the city of Waupun and the state of Wisconsin, but, inasmuch as it does not appear that the state had any interest in the contract or any interest in the controversy, the case will be considered the same as though the state was not a party to such bond.

For the appellant there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas*, attorneys, and *Dupee, Judah, Willard & Wolf*, of counsel, and an oral argument by *C. F. Fawsett* and *J. G. Flanders*.

For the respondent there were briefs by *C. E. Hooker* and *Ela, Grover & Graves*, and oral argument by *Mr. Hooker*.

The following opinion was filed April 9, 1901:

BARDEEN, J. If any liability exists on the part of the guaranty company, it must rest upon the fact that it has contracted with the city to pay the debt due from the contractors to the plaintiff. The demand to be subrogated to the rights of the city as against the contractors has no foundation to rest upon, because it affirmatively appears that the city has accepted the plant and paid the contractors therefor. The city has no claim against the surety, because it has suffered no loss, and has sustained no injury, by reason of the failure of the contractors to pay the plaintiff's claim. By reference to the contract, it will be seen that the contractors bound themselves to furnish a bond, not only for the faithful performance of the contract, but for the payment of all claims for labor and materials. The

Electric Appliance Co. vs. United States Fidelity & Guaranty Co.

bond accepted by the city omitted this latter provision, and was conditioned only for the performance of the contract. The contract was apparently drawn upon the theory that the city might be liable for the claims of laborers and materialmen. Such, however, is not the fact. In *Burnham v. Fond du Lac*, 15 Wis. 193, approved in *Buffham v. Racine*, 26 Wis. 449, this court held that a municipal corporation was not subject to the process of garnishment. Basing it upon grounds of public policy, and as being in harmony with the rule just stated, this court, in *Wilkinson v. Hoffman*, 61 Wis. 637, held that statutes giving a mechanic's lien did not extend to, and could not be enforced against, the buildings and real estate of municipal corporations held for public use. The rule was further extended in *Chapman V. Mfg. Co. v. Oconto W. Co.* 89 Wis. 264, by denying the right to a lien upon the property of a water company organized for the purpose of and under contract with a city for furnishing its water supply. The fact that the city expressly contracted that the bond given should be for the payment of materialmen and laborers, and then accepted a bond without such a condition, is clearly a waiver of that condition of the contract, and indicates an intention to abandon or relinquish its scheme in that respect.

But, it is urged, the contract says the plant shall be completed and ready for acceptance "free and clear of all claims or liens for labor performed or material furnished or otherwise." The plaintiff has a claim for material that has not been paid; hence there is a breach of the contract. Claims against whom? certainly not against the plant, because the law says that no such claim can exist. Therefore there was no breach of the contract on any theory that plaintiff's claim was one against the plant which the city was legally bound to discharge. Whatever may be the state of the law elsewhere, it is not believed that the cases in this jurisdiction will sustain the proposition that the third party can main-

tain an action against an alleged promisor based upon an implied promise to pay. The express promise, either by simple contract or covenant under seal, must exist. A few of the many cases in this state are as follows: *Kimball v. Noyes*, 17 Wis. 695; *Putney v. Farnham*, 27 Wis. 187; *Kollock v. Parcher*, 52 Wis. 393; *Johannes v. Phenix Ins. Co.* 66 Wis. 50; *Nix v. Wiswell*, 84 Wis. 334; *Fulmer v. Wightman*, 87 Wis. 573; *Morgan v. South Milwaukee L. V. Co.* 97 Wis. 275; *Stites v. Thompson*, 98 Wis. 329.

The surety's engagement in the bond was to pay to the city, and not to third parties. There are cases going to the limit of holding that, to entitle the third person to recover upon a contract made between other parties, there must not only be an intent to secure some benefit to such third person, but the contract must have been entered into directly and primarily for his benefit. *Parker v. Jeffery*, 26 Oreg. 186. An exhaustive note on the general subject may be found in 25 L. R. A. 257 [*Jefferson v. Asch*]. We consider the true rule to be that there must not only be an *intent* to secure some benefit to the third party, but there must be a promise, legally enforceable. The contract and bond in this case fail to meet these requirements. The situation presented shows a want of any intent to secure a benefit to third parties. When the city accepted a bond that did not attempt to secure the payment of materialmen, and which provided that the surety should be subrogated to the rights of the city in case of a breach and be entitled to credit on the claim of the city for all payments due the contractors thereafter to become due, this was inconsistent with the theory that it was the rights of third parties that were being secured.

There is, however, another branch of this case fatal to the plaintiff's alleged cause of action. The contract provided that, before the final payment should be made by the city or be deemed to be due, the contractors should present

receipts in full for all labor performed and materials furnished in the construction and installation of the plant. The complaint alleges that the contractors fully complied with the conditions of the contract, except the payment of plaintiff's claim and the claims of others, and that the city duly accepted the plant and paid the contractors therefor. No provision in the contract required any payment of the contract price until the work was completed and accepted. The city paid the contractors in full for the plant, and the inference is irresistible that such payment was made in defiance to the express terms of the contract that it should not be made until receipts in full had been produced. As said in *W. W. Kimball Co. v. Baker*, 62 Wis. 529: "It is elementary that sureties are favorites in the law, and have a right to stand upon the strict terms of their obligations when ascertained. Beyond the burdens thus taken upon themselves they are not bound." So far as anything appears in the complaint, the city had the entire contract price in its possession when the alleged notice was given. The surety had a right to rely upon the fact that the city would hold the contractors to strict fulfillment of their obligations. Any variance therefrom to the prejudice of the surety would work a discharge. This is elementary. That this stipulation was of importance to the surety admits of no doubt. That it was broken by the city is certain. No successful attempt can be made to resolve the undertaking of the surety into different factors, and say that they are independent, and one subsists for the benefit of this plaintiff, and another may fail because of the conduct of the assured. So far as this case is concerned, the obligation of the surety is a unit, and no liability can be predicated thereon except in accordance with the terms of the contract. This is not shown by the complaint, and hence this action cannot be maintained.

Our attention has been directed to several cases in Ne-

braska apparently sustaining the plaintiff's contentions. They go far beyond any case to be found in this court, and are based on premises we do not care to adopt. The case of *Baker & Co. v. Bryan*, 64 Iowa, 561, also cited by plaintiff, shows that the engagement of the sureties was that the contractor should "pay all claims for material, labor," etc. The court was of the opinion that the contract and bond indicated an intent to secure all persons furnishing labor and materials to be used in the construction of the building, and therefore held the sureties liable. We have arrived at the conclusion that the contract and bond in suit do not disclose an intent to secure third parties. We deem it clear, under the circumstances, that the bond was taken for the city's benefit, and this conclusion is amply confirmed by the practical construction given it by the parties.

*By the Court.*— The order appealed from is reversed, and the cause is remanded with directions to sustain the demurrer to the complaint and for further proceedings according to law.

A motion for a rehearing was denied May 21, 1901.