CONCRETE STEEL COMPANY, Appellant, vs. ILLINOIS SURETY COMPANY, Respondent.

*March 14—April 11, 1916.*

*Contracts for benefit of third persons: Right of action: Building contracts: Bond: Construction: Liability of surety to materialmen: Appeal from civil court: Costs.*

1. A contract to pay a debt due to a third person is presumably for his benefit and creates a liability to him unless a contrary intention appears.
2. Where in a building contract the contractor agreed to "provide all the materials," and his bond was conditioned that he should "faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default," third persons who furnished materials used in the construction of the building

might enforce payment against the surety in an action on the
bond. *Electric A. Co. v. U. S. F. & G. Co.* 110 Wis. 434, and *Yaw-
key-Crowley L. Co. v. De Longe,* 157 Wis. 390, distinguished.

3. The words "all claims and demands" in the bond include claims
   and demands for labor and materials, and are not limited by a
   specific provision in the contract that the contractor should save
   harmless and indemnify the owner from claims and demands
   which might be made by reason of any injury to person or prop-
   erty sustained by the contractor or by any person employed by
   him in connection with the work, or any such injury sustained
   by any person caused by any act or default of the contractor or
   any person employed by him, etc.

4. The circuit court may allow motion costs not exceeding $10 on an
   appeal from the civil court of Milwaukee county.

APPEAL from an order of the circuit court for Milwaukee
county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

This is an appeal from an order sustaining a demurrer to
the plaintiff's complaint. The action was commenced in the
civil court of Milwaukee county. The demurrer was over-
ruled by said court and an appeal taken by defendant to the
circuit court. In the circuit court the order of the civil court
was reversed and the defendant's demurrer to the complaint
sustained. From this order of the circuit court sustaining
the demurrer the plaintiff appeals to this court.

For the appellant there was a brief by *Lenicheck, Robin-
son, Fairchild & Boesel,* attorneys, and *Frank T. Boesel,* of
counsel, and oral argument by *Frank T. Boesel.*

For the respondent there was a brief by *Flanders, Bottum,
Fawsett & Bottum,* and oral argument by *Arnold C. Otto* and
*R. N. Van Doren.*

KERWIN, J. The cause of action set forth in the com-
plaint was founded upon a bond executed by the defendant as
surety for one James W. Utley, which bond is set forth in
the complaint. The bond was executed by Utley and said de-
fendant as surety to secure the performance of a contract en-
tered into between said Utley and Edw. Schuster & Co. for
the erection of a building for said Edw. Schuster & Co. by

Utley as principal contractor.    The contract is set out in the complaint.

The complaint alleges that plaintiff was employed by Utley under an agreement to furnish certain materials consisting of steel bars to be used in the construction of a building to be erected by Utley for said Edw. Schuster & Co. under the contract referred to; that plaintiff furnished said materials and the same were used in and about said building by Utley, and that there is due plaintiff on account of said materials so furnished a balance amounting to $1,830.05; that in furnishing said materials to Utley plaintiff relied upon the credit of the bond executed by the defendant herein as surety for its claim; that the execution and delivery of the bond was a condition precedent to the granting of said building contract to Utley by Edw. Schuster & Co.

The main contention of appellant here is that the defendant, *Illinois Surety Company,* is liable to a materialman who furnished material to the principal contractor, which material was used in the construction of the building in question. This contention is based upon the promise contained in the bond to pay claims incurred in the construction of the building.

The rule is well settled in this court that "when a person for a consideration paid to him by another agrees to pay, or cause to be paid, a sum of money to a third person, a stranger to the transaction, the latter thereby immediately becomes possessed of the absolute right to the benefit of the promise and a right of action thereby accrues to him against the promisor." *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440; *Wetutzke v. Wetutzke,* 158 Wis. 305, 148 N. W. 1088.

The question arises in the instant case whether third parties furnishing material used in the construction of the building can enforce payment in an action against the defendant surety on the bond.

The contract between Utley, contractor, and Edw. Schuster

& Co., among other things provides that Utley will "provide all the materials." The bond given by the defendant to secure the performance of the contract between Utley and Edw. Schuster & Co. for the construction provides:

"The condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

We think the instant case is ruled by *Warren Webster & Co. v. Beaumont H. Co.* 151 Wis. 1, 138 N. W. 102; *R. Connor Co. v. Ætna Ind. Co.* 136 Wis. 13, 115 N. W. 811; and *U. S. G. Co. v. Gleason,* 135 Wis. 539, 116 N. W. 238.

In *Warren Webster & Co. v. Beaumont H. Co., supra,* the bond was conditioned "that if the construction company should duly perform the contract with the hotel company for furnishing the material and performing the labor agreed upon, and 'shall duly and promptly pay and discharge all indebtedness that may be incurred in carrying out and completing said contract, and save said building and the Beaumont Hotel Company free and harmless from all mechanics' liens and claims of liens, or other claim or expenses by reason thereof, then this obligation shall be void,' otherwise to remain in full force and effect." The court said:

"Under such circumstances, third parties furnishing labor and material obtain the benefit of such indemnity, and they can enforce their rights in all respects as if they had been parties to the contracts and bonds. The rights and liabilities of the principal contractors, the sureties, and the persons furnishing material and labor within the terms of the transactions covered by the construction contracts and bonds have on several occasions recently been considered in this court and need no further amplification here." Page 10.

In *R. Connor Co. v. Ætna Ind. Co., supra,* the bond of indemnity provided for the performances of all the several stipulations in the contract and to pay for all labor and material that had entered into the construction of the building.

It is true in the case at bar there is no express mention in the bond of labor and material, but the provisions of the bond, "satisfy all claims and demands incurred for the same," are broad enough to cover claims and demands incurred for labor and material.

In *U. S. G. Co. v. Gleason, supra,* at page 546 this court said:

"Since, then, the bond here in question secures the persons who furnished materials used in the construction of the county's buildings, it follows that plaintiffs, who furnished material so used and for which the principal contractor has not paid, have the right to enforce payment under the bond by action directly against the bondsmen. This right is well established, though they had no knowledge of the promise when made or had not expressly assented thereto before bringing the action, and the right to enforce such contract for their benefit continues while the bond is in force."

The defendant surety company, respondent here, relies mainly upon two Wisconsin cases, namely, *Electric A. Co. v. U. S. F. & G. Co.* 110 Wis. 434, 85 N. W. 648, and *Yawkey-Crowley L. Co. v. De Longe,* 157 Wis. 390, 147 N. W. 334. The first of these cases is distinguished in *R. Connor Co. v. Ætna Ind. Co.* 136 Wis. 13, 115 N. W. 811, and other cases in this court and shown not in point in the instant case. The *Yawkey-Crowley Case* is clearly distinguishable. In that case neither in the contract nor in the bond was there any agreement to pay for labor or material or satisfy all claims and demands. At page 396 of 157 Wis. this court said, quoting from *Lenz v. C. & N. W. R. Co.* 111 Wis. 198, 86 N. W. 607:

"The insufficiency in the bond under consideration in that case was that it did not require or promise any payment to

the materialmen seeking to enforce it, merely protection to the obligee party; hence, of course, there was no apparent intent to benefit the materialmen."

Some criticism as to the form of the bond is made by respondent's counsel which we think unwarranted. The bond in effect provides, first, that "the principal shall faithfully perform the contract on his part;" second, "and satisfy all claims and demands incurred for the same;" third, "and fully indemnify and save harmless the owner from all costs and damages which he may suffer by reason of failure so to do;" fourth, "and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default."

It is argued that in order to create a liability to plaintiff here the contract must be intended for its benefit. Under the decisions of this court if the contract be to pay a debt due to a third person, presumably it is for his benefit unless it appears that the contract was not so intended. There is nothing in the record in the instant case which tends to show that the contract was not intended for the benefit of those having lawful claims for labor or material. *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440; *U. S. G. Co. v. Gleason,* 135 Wis. 539, 116 N. W. 238; *R. Connor Co. v. Ætna Ind. Co.* 136 Wis. 13, 115 N. W. 811; *Warren Webster & Co. v. Beaumont H. Co.* 151 Wis. 1, 138 N. W. 102; *Electric A. Co. v. U. S. F. & G. Co.* 110 Wis. 434, 85 N. W. 648; *Johnston v. Charles Abresch Co.* 123 Wis. 130, 101 N. W. 395.

It is further argued by counsel for respondent that the words "claims and demands" in the bond are limited by the contract, which specifically provides that the contractor shall save harmless and indemnify the owner from claims, injuries, and demands which may be made by reason of any injury to person or property sustained by the contractor or by any person employed directly or indirectly by him in connection with the work, and any injury to person or property sustained by

any person caused by any act or default of the contractor or of any person employed by him, and also pay all royalties and save the owner harmless, and further provision respecting the waiver of right to liens except on certain conditions.

It is quite obvious that these provisions were inserted in the contract not for the purpose of narrowing the general meaning of the words "claims and demands" used in the bond, but extending the meaning to liabilities which might be thought not covered by the general language.

The provision in the bond to satisfy all claims and demands manifestly includes claims and demands for labor and material, which are the principal claims and demands incurred in building contracts.

Counsel for appellant insists that the order appealed from is erroneous because the court imposed absolutely, and not as terms or condition to amend, $10 costs. But the $10 costs imposed in the circuit court on appeal from the civil court were not terms on amendment under sec. 2686, Stats., but costs on motion under sec. 2924, Stats., therefore it was within the power of the court to impose such costs. The $10 imposed absolutely by the order in the circuit court were costs allowed in that court on the appeal. Civil Court Act, ch. 549, Laws 1909; *Pennsylvania C. & S. Co. v. Schmidt,* 155 Wis. 242, 144 N. W. 283; *Winternitz v. Schmidt,* 161 Wis. 421, 154 N. W. 626; sec. 2924, Stats.

It follows that the order appealed from must be reversed.

*By the Court.*—The order is reversed, and the cause remanded for further proceedings according to law.