New York Continental Jewell Filtration Company, Appellant, vs. City of Kenosha, Respondent.

*April 6—April 30, 1918.*

*Building contract with city: Construction: Provisions as to payment for labor and materials: "Subcontractor:" Contract for benefit of third persons: Action by contractor: Counterclaim by city: Parties: Bringing in all persons interested: Surety on contractor's bond.*

1. The initial proposal for the construction of a filtration plant for a city provided that the contractor must give a bond "to guarantee the faithful performance of the contract and the payment of all labor and materials." That provision was, by reference, made a specific part of the contract, which also provided that the contractor was to be paid a certain percentage of the proportionate value of the work done monthly on the estimate of the city engineer, and the balance due as soon as certain city officials were satisfied that the work was completed and that all claims and demands against the contractor "by any subcontractor for work performed or material furnished" were paid; and that before final payment was made the contractor must satisfy the city officials that "all bills for labor and materials used in the work have been paid." The bond given to secure faithful performance of the contract provided: "The surety shall not be liable under this bond to any one except the owner, but it is agreed that the owner, in estimating his damage, may include the claims of mechanics and materialmen arising out of the performance of the contract." *Held* that, construing together these various provisions, that relating to payment of the claims of subcontractors does not limit and restrain the more comprehensive language in the others, but the term "sub-

contractor" should, rather, be construed in a broad sense, harmonizing with the other language, so as to include all persons having claims for services performed or materials furnished in the construction of the plant, whether done at the request of the principal contractor, a subcontractor, or other person having authority to contract in such behalf.

2. Such stipulations in the contract are not deemed to have been made by the city for its own protection only, but also for the benefit of all persons having unpaid claims for labor or materials which entered into the construction of the plant.

3. In an action against the city by the contractor to recover an unpaid balance of the contract price, the city might properly counterclaim for the amount of such unpaid bills of laborers and materialmen, whether they amount to more or less than said unpaid balance, and the amount thereof, as established, will furnish a basis for an offset or recovery in favor of the city against the plaintiff.

4. Where the city interposed such a counterclaim, the appropriateness of asking, as part of the prayer for relief, that the various claimants and the surety on the bond be made parties to the action, is doubted; but the purpose to implead all such interested persons, so that the rights and liabilities of all can be established by a single judgment, is approved.

APPEAL from an order of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

On the 21st day of February, 1916, the city of *Kenosha* contracted with the plaintiff for the construction of a concrete filtration plant for the sum of $86,800. Extras were afterwards agreed upon and furnished pursuant to the terms of the contract in the sum of $5,927.24. The plant was constructed and accepted by the city. Plaintiff brings this action to recover an unpaid balance of $14,202.79. As a counterclaim and defense the city sets up that it was a part of the agreement that the contractor or plaintiff should pay for all labor and materials entering into the construction of the plant; that a considerable portion of the work was sublet to the Sterling Engineering & Construction Company; that unpaid claims incurred by said subcontractor to the amount of $17,663.31 had been presented to the city; that by reason of

the agreement on the part of the plaintiff to pay for all material and labor entering into the construction of the plant a claim exists in favor of the city and against the plaintiff and the surety on its bond for such unpaid claims. The plaintiff demurred to the counterclaim thus set up. The court overruled the demurrer, and from such order the plaintiff appealed.

For the appellant there was a brief by *Samuel K. Markman* of Chicago and *Fisher & Fisher* of Kenosha, and oral argument by *Mr. Markman.*

For the respondent there was a brief by *John C. Slater,* city attorney, and *Cavanagh, Barnes & Cavanagh* of Kenosha and *Bottum, Bottum, Hudnall & Lecher* of Milwaukee, of counsel, and oral argument by *Mr. Slater* and by *Mr. F. L. McNamara* of Milwaukee.

OWEN, J.   The question is whether the counterclaim states a cause of action in favor of the city against the defendant contractor.   It is alleged that the initial proposal for the construction of the plant made by the defendant to the city, which was subsequently accepted and formed the basis of the contract between the parties, contained this provision: "The contractor must enter into a bond for fifty per cent. of the contract price to guarantee the faithful performance of the contract *and the payment of all labor and materials.*"   This provision was, by appropriate reference, made a specific part of the contract.   It is also alleged that the contract provided that the contractor was to be paid "eighty-five per cent. of the proportionate value of the work done monthly as the work progressed, on the estimate of the city engineer of said defendant, and the remaining fifteen per cent., together with any other sums due on the contract, if any, on the full completion of the entire work, as soon as the city engineer and board of water commissioners of said defendant were satisfied that the work was completed, and that all claims and demands

against the plaintiff herein by any *subcontractor* for work performed or material furnished in the erection and construction of said filtration plant were paid." It is further alleged that said contract also provided that before the final payment was made the plaintiff must satisfy the said board of water commissioners that "all bills for labor and materials used in the work have been paid;" that the bond given to secure the faithful performance of the contract contained the following provision: "The surety shall not be liable under this bond to any one except the owner, but it is agreed that the owner, in estimating his damage, may include the claims of mechanics and materialmen *arising out of the performance of the contract.*"

In their brief the attorneys for the appellant contractor assume that that part of the contract providing that the contractor shall be paid "eighty-five per cent. of the proportionate value of the work done monthly as the work progressed, on the estimate of the city engineer of said defendant, and the remaining fifteen per cent., together with any other sums due on the contract, if any, on the full completion of the entire work, as soon as the city engineer and the board of water commissioners of said defendant were satisfied that the work was completed, and that all claims and demands against the plaintiff herein by any *subcontractor* for work performed or material furnished in the erection and construction of said filtration plant were paid," is of controlling significance, and cite cases from other jurisdictions involving the meaning of the term "subcontractor," as used in the various statutes dealing with the subject of mechanics' liens, and easily reach the conclusion that those who furnished material and labor for the subcontractor, Sterling Engineering & Construction Company, are not within the protection of the contract and bond.

The various provisions of the proposal, contract, and bond above quoted must all be construed together, and effect given to the intent of the parties as disclosed by these various ex-

pressions. Before appellant's contentions can be accepted it must appear that the provision providing for the payment of claims of subcontractors limits and restrains the more comprehensive language used in other parts of the various written instruments constituting the agreement and culminating the rights of the parties, such as: "The contractor must enter into a bond for fifty per cent. of the contract price to guarantee the faithful performance of the contract and the payment of all labor and materials,"—found in the proposal; "Before the final payment is to be made, the plaintiff must satisfy the board of water commissioners that all bills for labor and materials used in the work had been paid,"—found in the contract; "The surety shall not be liable under this bond to any one except the owner, but it is agreed that the owner, in estimating his damage, may include the claims of mechanics and materialmen arising out of the performance of the contract,"—found in the bond.

Gathering the intention of the parties, as we must, from each and every expression bearing upon the subject found in the various written instruments relating to and constituting the contract between them, there seems to be no reasonable doubt that every person who in any manner rendered and performed labor and services, or furnished materials of any kind, nature, or description in and about the construction of said filtration plant, was within the protection of the contract and bond, and that the term "subcontractor," as used in the provision of the contract referred to, cannot restrain other expressions often repeated, comprehending a larger class, to the narrow and technical meaning ascribed to the term as used in particular statutes. It is rather our view that the term "subcontractor," as used in the contract, should be construed in the light of other expressions used elsewhere in the contract as well as in the proposal and bond, of similar though broader significance, and in harmony with such expressions. As so construed, it includes all persons who have acquired

claims for services and materials bestowed upon, or furnished for, the construction of the plant, whether done at the request of a principal or a subcontractor, or other person having authority to contract in such behalf.

Attorneys for appellant also contend that stipulations in a contract such as this, requiring the contractor to pay for all labor and material, are deemed to have been made by the city for its own protection and not for the benefit of third persons, and cite authorities from other jurisdictions, all of which are out of harmony with the decisions of this court upon that subject. If it was not settled before, the decision of this court in *Builders L. & S. Co. v. Chicago B. & S. Co., ante,* p. 167, 166 N. W. 320, leaves no doubt concerning its attitude upon this question, and no more need be said upon the subject.

It follows that all furnishing labor or materials, entering into the construction of the plant, for the subcontractor, Sterling Engineering & Construction Company, whose claims are unpaid, not only have a valid claim against the plaintiff under the settled law of this state relating to contracts made by one for the benefit of another (*Builders L. & S. Co. v. Chicago B. & S. Co., supra; Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440; *U. S. G. Co. v. Gleason,* 135 Wis. 539, 544, 116 N. W. 238; *R. Connor Co. v. Ætna Ind. Co.* 136 Wis. 13, 18, 115 N. W. 811; *Warren Webster & Co. v. Beaumont H. Co.* 151 Wis. 1, 10, 138 N. W. 102; *Concrete S. Co. v. Ill. S. Co.* 163 Wis. 41, 44, 157 N. W. 543), but that the city, as a defense to the present action, may counterclaim against the plaintiff for the amount of such unpaid bills, whether they amount to more or less than the amount remaining unpaid of the contract price of the filtration plant.

The liability of the contractor and the surety upon the bond is not limited to the amount that remains unpaid on the contract price. The obligation of both calls for the full payment of all such claims. The provision in the contract that final payment shall not be made until all such claims are paid is

not a limitation upon the extent of their liability, but is simply a provision for the benefit and better protection of the city and the beneficiaries of this provision of the contract—laborers and materialmen. It is true that the bond contains a provision that "the surety shall not be liable to any one under this bond except the owner." Whatever effect is to be ascribed to this provision so far as the surety is concerned, it does not apply to the contractor. It was probably inserted for the purpose of exempting the surety from the embarrassment of numerous actions by individual claimants. But, however that may be, this action is brought by the city, and in this action all unpaid claims for material and labor entering into the construction of the plant, by whomsoever and to whomsoever furnished, may be established, and the amount thereof will furnish a basis for an offset or recovery, as the case may be, in favor of the city against the plaintiff.

As a part of its prayer for relief the city asks that the various claimants of whom it has knowledge, as well as the surety on the bond, be made parties to the action. The appropriateness of this in a prayer for relief may well be doubted. The bringing in of new parties comes in the course of the proceedings and is not a matter to be dealt with in a final judgment. That, however, does not make the counterclaim demurrable, and perhaps mention of the matter is unnecessary. But because it appears that the city attorney has in mind the bringing in of all parties interested, to the end that all conflicting interests may be determined in this action, a proposition much favored by this court, it seems appropriate to suggest that seasonable application for an order in that behalf should be made. If the proper application be made, such an order will no doubt be granted. The amount of the various claims can then be judicially determined under circumstances according to every one interested the right to be heard. All conflicting interests can be considered and determined, and effect will be given to the pro-

vision of the bond intended to exempt the surety, as we conceive its purpose to be, from the annoyance of a multiplicity of actions.

We think not only that the order overruling the demurrer was right, but we approve the obvious purpose of the city attorney to make all interested parties to the action, so that the various conflicting interests can be determined therein and the rights and liabilities of all established by a single judgment.

*By the Court.*—The order appealed from is affirmed.