STANKIEWICZ, Respondent, vs. PRANGE, imp., Appellant.

*April 8—July 8, 1918.*

*Municipal corporations: Contract for sewers: Construction: Liability of sureties: Injury to workman: Contract for benefit of third persons.*

In a contract with a city for the construction of sewers, executed by the contractor and his sureties, he agrees to maintain barriers and lights to prevent the happening of accidents for which the city might be liable; both the contractor and the sureties assume liability for and agree to pay all damages occasioned by the digging up, use, or occupancy of any street by him "or which may result from the carelessness of said [contractor], his agents, employees, or workmen;" and the sureties further covenant to pay to the city all damages and sums of money which the contractor shall be liable to pay to the city under the contract, and that they will indemnify and keep harmless the city against all liability which may in any wise result from the carelessness or neglect of said contractor, his agents, employees, or workmen. *Held,* that the liability of the sureties is limited

to the payment of such sums of money as the city might become liable for; that the clause above quoted was not intended for the benefit of third persons; that the "carelessness" therein referred to is not the failure to exercise ordinary care in the protection of workmen, but, relates to the maintenance of barriers, etc., for the failure to maintain which the city might be made liable; and hence that the sureties are not liable for injuries to a workman caused by the caving in of the sides of a ditch which was being dug by the contractor.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

Action on bond. On July 16, 1912, George Crilley entered into a contract in the city of Milwaukee for the construction of certain sewers. The defendants became parties to the contract as sureties for George Crilley. By the terms of said contract it was agreed between the parties and the city of Milwaukee as follows:

"And the said party of the first part [George Crilley], for himself, his heirs, executors, and administrators, further covenants and agrees to and with the said city of Milwaukee that in the performance of this contract he will, during the nighttime, put up and maintain such barriers and lights as will effectually prevent the happening of any accident in consequence of the digging up, use, or occupancy of any street, alley, highway, or public grounds of said city for which the city might be liable, and the said parties of the first and *second parts* [*Prange* and M. L. Crilley], for themselves, their heirs, executors, and administrators, hereby jointly and severally covenant and agree that they shall and they do hereby assume the liability for, and will pay on demand, any and all damage and damages occasioned by the digging up, use, or occupancy of said street, alley, highway, or public grounds by the party of the first part, or which may result therefrom, or which may result from the carelessness of said party of the first part, his agents, employees, or workmen."

It was further agreed by the parties as follows:

"And the said parties of the *second part,* for themselves, their heirs, executors, and administrators, hereby guarantee and covenant and agree to and with the said city of Milwau-

kee that the said party of the first part shall and will well
and truly execute and perform this contract on his part,
under the superintendence and to the satisfaction of the
said commissioner of public works, and that they, the said
parties of the *second part,* will well and truly pay on demand
to the said city of Milwaukee any and all damage and dam-
ages and sums of money which the said party of the first
part shall be liable to pay to the said city under this contract
or any clause or agreement therein.

"And the said parties of the first part and second parts, for
themselves, their heirs, executors, and administrators, further
covenant and agree that they will well and truly save and
indemnify and keep harmless the said city of Milwaukee
against all liability, judgments, costs, and expenses which
may in anywise come against said city in consequence of the
granting of this contract to said party of the first part, or
which may in anywise result from the carelessness or neglect'
of the said party of the first part or his agents, employees, or
workmen in any respect whatever."

On or about the 22d day of October, 1912, plaintiff was
employed by Cornelius J. Crilley as a laborer to do some
work in and about a ditch then being dug as a part of the
work to be performed under the contract. While so em-
ployed and while working in the ditch he was injured by the
sides or banks of the ditch caving in. November 1, 1912,
the plaintiff commenced an action to recover damages for
such injuries against Cornelius J. Crilley and George Crilley
as copartners under the name of Cornelius J. Crilley & Son.
The defendant therein, George Crilley, appeared, but denied
the copartnership, and the action was as to him dismissed,
but proceeded to judgment as against Cornelius J. Crilley,
judgment being entered for $430.60 damages and costs.
Execution was issued and returned unsatisfied. A large part
of the judgment still remains unpaid. The defendants *Her-
man Prange* and M. L. Crilley were the sureties on the under-
taking. This action is brought against *Herman Prange* and
M. L. Crilley to recover from them as sureties the amount of
the judgment.

The issues were tried by the civil court, which found as follows: (1) The making of the contract between M. L. Crilley and George Crilley and the city of Milwaukee; that although the defendant *Herman Prange* did not sign the contract at the place for the signature, he signed the justification and is bound by the contract; (2) that after the date of the contract George Crilley entered upon the performance thereof and employed the plaintiff as a laborer to do work in the execution of the contract; and that while so employed plaintiff was injured on October 22d by reason of the negligence of C. J. Crilley, an agent and foreman of George Crilley; (3) that the damages sustained by plaintiff by reason of said injuries were assumed by the defendants in the said contract with the city of Milwaukee; (4) the amount of the judgment obtained against C. J. Crilley; (5) that execution was issued and returned unsatisfied; (6) that the defendants, by the contract with the city of Milwaukee, promised and agreed to pay the sum due upon said judgment. Whereupon judgment was rendered for the plaintiff in the sum of $448.47, together with costs and disbursements.

Defendants appealed from the civil court to the circuit court for Milwaukee county, which upon hearing affirmed the judgment of the civil court, and from the judgment of the circuit court the defendant *Prange* appeals.

For the appellant there was a brief by *Lenicheck, Boesel & Wickhem,* attorneys, and *F. J. Lenicheck,* of counsel, all of Milwaukee, and oral argument by *John Wickhem.*

For the respondent there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *W. L. Gold.*

The following opinion was filed April 30, 1918:

Rosenberry, J. The main question raised by the assignments of error is: Assuming that the defendant *Prange* signed the justification to the undertaking with the intent that he should be bound by the terms of the undertaking, are

the defendants *Prange* and M. L. Crilley liable to the plaintiff by reason of the terms of the bond hereinbefore set out?

The liability is predicated upon the following clause of the contract:

"And the said parties of the first and second parts [defendants], for themselves, their heirs, executors, and administrators, hereby jointly and severally covenant and agree that they shall and they do hereby assume the liability for, and will pay on demand, any and all damage and damages . . . *which may result from the carelessness of said party of the first part, his agents, employees, or workmen.*"

It is argued that these words embrace a claim such as that of the plaintiff, which resulted from the carelessness of one of the employees engaged in doing work which the principal contractor had agreed to do. We think, however, that the words quoted must be read in connection with and as a part of the entire contract, and that so read the liability of the sureties is limited to the payment of such sums of money as the city of Milwaukee might become liable for, and that the clause in question was not intended for the benefit of third parties, and that the defendants are not liable to the plaintiff on account thereof; that the "carelessness" referred to in the quoted language is not the failure of the contractor or his agents or employees to exercise ordinary care in the protection of workmen, but refers to the failure of the principal contractor, his agents or employees to put up and maintain barriers and lights in the streets, alleys, and public ways of the city, for the failure to maintain which the city might be made liable. This conclusion is in no way inconsistent with the decision in the case of *Concrete S. Co. v. Ill. S. Co.* 163 Wis. 41, 157 N. W. 543, or *Builders L. & S. Co. v. Chicago B. & S. Co., ante,* p. 167, 166 N. W. 320. There is nothing in the language used in the contract in this case showing that the sureties intended to be bound or that the city intended that they should be bound to any greater extent than the city

itself might be liable by reason of the failure of the principal contractor to perform the duties and obligations imposed upon him by the contract. The contract must be construed as a whole and given effect according to the expressed intention of the parties. A consideration of the other questions raised on the appeal becomes immaterial.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion by the respondent for a rehearing was denied, with $25 costs, on July 8, 1918; and the mandate was amended to read as follows:

*By the Court.*—Judgment reversed as to appellant, *Prange,* and cause remanded with directions to dismiss the complaint as to him.