NORTHWESTERN BRIDGE & IRON COMPANY, Respondent, vs. MARYLAND CASUALTY COMPANY, Appellant.

*March 12—June 1, 1920.*

*Municipal corporations: Contracts: Assignment by principal contractor: Assignee as subcontractor: Action on surety bond of principal contractor: Waiver of rights.*

1. Where a city refused to consent to the substitution of a third party as principal contractor, the third party's agreement with the principal contractor to complete the contract with the city was merely an agreement to furnish labor and material still due from the contractor.
2. Where the principal contractor's bond was conditioned on his performance of his contract, which provided that he should furnish satisfactory evidence "that all claims of all persons who have been employed upon the work, or who have furnished materials for the work under his contract and according to these specifications, have been fully settled," the contractor's surety was liable to unpaid subcontractors and materialmen, the words "fully settled" meaning paid and discharged.

3. The subcontractor's action against the city and the principal
   contractor to determine the amount due and the subsequent
   application of moneys in the hands of the city under the man-
   date of the judgment in part payment of the indebtedness to
   the subcontractor, do not constitute a waiver and satisfac-
   tion of all rights under the contract, precluding the sub-
   contractor from suing the contractor's surety.

APPEAL from a judgment of the circuit court for Wauke-
sha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Indemnity. On February 15, 1917, the city of Wauke-
sha, hereafter called the city, entered into a contract with
.C. H. Phillips, hereafter referred to as the contractor, for
the construction of a certain septic tank and appurtenances
thereto. The defendant executed a bond in the penal sum
of $8,546, conditioned that the contractor would faithfully
perform the terms of the contract and specifications on his
part to be performed. The following clause was a part of
the contract:

*"Claims.* Before final settlement will be made, the con-
tractor must furnish the city satisfactory evidence that all
claims of all persons who have been employed upon the
work, or who have furnished materials for the work under
his contract and according to these specifications, have been
fully settled."

In the following June work on the contract came to a
standstill, and the contractor entered into an arrangement
with the plaintiff as follows:

"This agreement, entered into this 21st day of June, 1917,
by and between the *Northwestern Bridge & Iron Company*
of Milwaukee and C. H. Phillips of Waupaca, Wisconsin,
whereby the *Northwestern Bridge & Iron Company* agrees
to furnish all labor, materials, equipment, etc., necessary to
complete the sewerage disposal plant as shown on drawings
numbered 1 to 4 and specifications attached, as prepared by
W. G. Kirchoffer, consulting engineer, at Madison. This
work to consist of completing the work already started by
Mr. Phillips. We to pay all material bills and labor bills
from this day on that may be required to complete the en-
tire work. It is understood and agreed that any and all

equipment now on the premises are to remain there and to be at our service without any compensation for the use until the work is completed or at such a time as the same may be released by the *Northwestern Bridge & Iron Company.* Any equipment necessary that we have not at our own disposal and which may have to be rented in order to complete this work will be charged into the cost of this job at whatever rental cost plus transportation of same as cost to us.

"It is further agreed that in consideration of the above obligation to be carried out and as carried out by the *Northwestern Bridge & Iron Company* that C. H. Phillips shall pay to the *Northwestern Bridge & Iron Company* the sum of the actual cost of this work plus the liability insurance of the men, transportation of the men and fifteen per cent. as profit to reimburse us for our time and energy required to complete this work. This money to be paid to us on monthly estimates which are to be in accordance with your contract with the city of Waukesha and which also becomes part of this contract. This money to be paid to us through Alfred Miller, who is to act as trustee, and which aggregate approximately $7,600, or that portion thereof as to satisfy our claim.

"Should this money be insufficient to pay the total amount of our claim, it is further agreed that Mr. Phillips will make up this deficiency and in lieu thereof grant the *Northwestern Bridge & Iron Company* the right of any and all equipment now on the work to safeguard us against such a deficiency."

The Alfred Miller referred to in the contract between the plaintiff and the contractor was the local agent of the defendant, and as the work progressed moneys due under the contract were paid to Miller and by him turned over to the plaintiff. An effort was made to have the city consent to the substitution of the plaintiff as contractor in place of Phillips. To this arrangement the city refused to consent, and there was in fact no substitution. The work was completed by the plaintiff at a cost greatly exceeding the remainder due upon the contract. After the completion of the contract the plaintiff brought suit against the city and

the contractor. Judgment was entered directing the city to apply the moneys due on the contract to the satisfaction of plaintiff's claim, after which there remained a balance due from the contractor to the plaintiff of $11,612.64, for which amount the plaintiff took judgment against the contractor. Demand was made upon the bonding company for payment. The demand was refused, and thereupon this suit was begun by the plaintiff against the defendant upon the theory that the bond was a contract for the benefit of third parties. There was judgment for the plaintiff against the defendant for the sum of $8,546, the amount of the bond, and costs, from which the defendant appeals.

For the appellant there were briefs signed by *Jackson B. Kemper* of Milwaukee, of counsel, and oral argument by *Mr. Kemper.*

For the respondent there was a brief by *Lawrence A. Olwell* and *Bernard V. Brady,* both of Milwaukee, and oral argument by *Mr. Brady.*

The following opinion was filed April 6, 1920:

ROSENBERRY, J. The defendant makes three principal contentions: First, that the plaintiff is an assignee and stands in the shoes of Phillips and has no greater right to recover from the surety on the bond than Phillips, the contractor, would have had. Second, that neither the bond nor contract contains any express agreement that Phillips, the contractor, will pay the claims of laborers, materialmen, or subcontractors. Third, that the plaintiff having brought suit in its own name against the city of Waukesha and Phillips without joining the defendant, and having caused the city of Waukesha in such action to pay the balance of the contract price in full, any rights reserved under the contract between Phillips and the city in favor of, or for the protection of, subcontractors and materialmen are waived and satisfied.

It is the contention of the defendant that the plaintiff did

not agree to do the work itself, but agreed to furnish the moneys necessary to pay for the labor and material; that it assumed and agreed to carry out the contract between Phillips and the city; that this agreement in effect placed it in the shoes of Phillips, the contractor, and the plaintiff, therefore, could not be a subcontractor or materialman within the meaning of those terms as used in the contract between the city and the contractor.

It appeared without dispute that the local agent of the defendant attempted to procure the city's consent to the substitution of the plaintiff for Phillips as principal contractor. The city consistently refused to consent to said substitution, in the absence of which it must be held that Phillips remained liable to the city, and the plaintiff was a subcontractor under Phillips, bound by its contract to furnish the materials and labor which Phillips had agreed to furnish in his contract with the city. Plaintiff's agreement to complete the contract was nothing more than an agreement to furnish the labor and material still due from the contractor.

The second and more serious contention of the appellant is that the bond upon which it was a surety contained no clause by which the surety expressly agreed to pay subcontractors and materialmen. The material part of the bond was as follows:

"Now, therefore, the conditions of this obligation are such that if the said C. H. Phillips shall faithfully perform the terms of said contract and specifications on his part to be performed, then this obligation to be void, otherwise to remain in full force and effect."

In addition to the language set out in the statement of facts, the specifications also contain the following clause under the heading *Estimates:*

"These estimates will amount to at least seventy-five per cent. of the value of the completed work, provided that the contractor has paid for his materials and labor performed under the previous payment, and provided that substantial progress is being made on the work."

The trial court found that by reason of these agreements Phillips expressly agreed to pay and settle the claims of all third persons who might furnish material or labor going into the work.

The appellant's contention is that the language used is not sufficient to show a clear intent on the part of the contractor to become liable to third persons, and therefore that the case is ruled by *Electric A. Co. v. U. S. F. & G. Co.* 110 Wis. 434, 85 N. W. 648, and *Yawkey-Crowley L. Co. v. De Longe,* 157 Wis. 390, 147 N. W. 334. The language of the contract is that the contractor 'shall furnish satisfactory evidence "That all claims of all persons . . . have been fully settled." The language in *New York C. J. F. Co. v. Kenosha,* 167 Wis. 371, 167 N. W. 451, is that the city shall be satisfied "that all claims and demands against the plaintiff herein by any subcontractor for work performed or material furnished in the erection and construction of said filtration plant were paid." We think this case is ruled by the *Kenosha Case.* "Fully settled" means paid and discharged. As was said in *Builders L. & S. Co. v. Chicago B. & S. Co.* 167 Wis. 167, 166 N. W. 320, if these clauses are not inserted for the benefit of laborers and materialmen, why are they inserted at all? The contractor agrees to furnish and pay for all the labor and material going into the completed structure. He does not carry out his contract until he has done so. The trial court was right in holding that it was the intention of the parties to the contract to protect third parties who might furnish material or labor going into the work, by insuring payment of their claims, and that the defendant, by the language of its undertaking, became liable in the event of the contractor's default in that respect.

The appellant further contends that the suit brought by the plaintiff against the city and Phillips to determine the amount due, and the subsequent application of the moneys in the hands of the city under the mandate of the judgment,

constituted a waiver and satisfaction of all rights under the contract, and that under the rule laid down in *Electric A. Co. v. U. S. F. & G. Co.* 110 Wis. 434, 85 N. W. 648, the contractor was relieved from further performance under that clause of the contract which required him to furnish satisfactory evidence that all claims had been fully settled.

In the *Electric A. Co. Case* payment by the city was voluntary and in defiance of the expressed terms of the contract, and it is pointed out that there was no express agreement for the benefit of third parties. In this case, on the contrary, the common council adopted a resolution directing that no payments be made until satisfactory evidence should be furnished of the payment of claims for labor and material. In its answer in the suit the city set up its willingness to pay as soon as such evidence was furnished. Under these facts no inference of waiver arises, nor can the action of the city in paying the money in response to the judgment of the court be said to be voluntary.

Our conclusions make consideration of other questions raised unnecessary.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 1, 1920.