WEARY & ALFORD COMPANY, Respondent, vs. SIXTH & WISCONSIN TOWER, INC., and another, Defendants: MASSACHUSETTS BONDING & INSURANCE COMPANY, Appellant.

*January 10—February 6, 1934.*

*Michael Levin* of Milwaukee, for the appellant.
*Harry V. Meissner* of Milwaukee, for the respondent.

FOWLER, J.   The contention of the plaintiff is that the bond in suit obligates the Bonding Company to pay its claim for its services as architect in the construction of the building on the ground that the bond was given for the benefit of all who performed services or furnished material in the construction of the building as well as for the benefit of the Tower Company.   The Bonding Company contends that it was given for the benefit of the Tower Company only and action does not lie thereon for the benefit of any one else.

We consider that this case is ruled by *Concrete Steel Co. v. Illinois Surety Co.* 163 Wis. 41, 157 N. W. 543.   In that

case the plaintiff, a materialman, sued on a contractor's bond given by the contractor to the owner to secure the construction of a building. One of the conditions of the bond was that the contractor should "pay all costs and expenses" of constructing the building and liability of the bondsman to the materialman was based upon breach by the contractor of this condition. One of the conditions of the bond here in suit is that the lessee should "pay all costs and expenses" of constructing the building. This condition is identical with that of the bond in the *Concrete Steel Co. Case*. The breach of this condition by the lessee obligates the bonding company on the bond for the same reason, whatever that reason is and whether it is good or bad, that the like provision of the bond in the *Concrete Steel Co. Case* obligated the bondsman. If the bond in the other case was for the benefit of materialmen and gave a materialman the right to sue upon it, the bond in suit was for the benefit of the plaintiff herein and gave it the right to sue upon it. The rule of the *Concrete Steel Co. Case* may be criticized as unsound, but it has stood as the law of the state for nearly twenty years, and the parties to the bond in suit doubtless had, at least they should have had, it in mind when they executed their bond. The rule has become a law of property and we consider that under the rule of *stare decisis* we should let the decision of the *Concrete Steel Co. Case* stand.

There is good reason, apart from the *Concrete Steel Co. Case,* for holding that the bond in suit was given for the benefit of materialmen and labor claimants. The bond contains a provision not present in the bond in that suit that could have no other purpose than to secure those who furnished material or performed services in the construction of the building. We refer to the condition of the bond last stated in the statement of facts. It is that "if the lessee shall fail to complete . . . the building, and so failing shall have

paid the lessor the amount necessary to complete the erection . . . of the building, and the lessor shall have applied such payment to such purpose (completion of erection, furnishing and equipping said new building and payment of all expenses and costs thereof), then this obligation shall be void." Thus if on failure of the lessee to complete the building the lessee paid the expense of completion to the lessor, and thus fully protected the lessor, still the condition of the bond would be broken and the bondsman would be liable thereon if the lessor should fail to apply the sum so paid to the payment of the costs and expenses of the completion. This condition was obviously inserted for the benefit of those who furnished material or performed services in construction. It could benefit no one else, and could not have been inserted for the benefit of any one else. If materialmen and those performing labor or services in the construction of the building might sue for breach of the condition last stated, no reason is perceived why they may not sue for breach of the condition respecting payment of costs and expenses of construction.

*By the Court.*—The order of the circuit court is affirmed.