THEODORE J. MOLZAHN & SONS, INC., Appellant, vs. K. W. CONSTRUCTION COMPANY, Defendant: MARYLAND CASUALTY COMPANY, Respondent.

*March 5—April 3, 1934.*

For the appellant there was a brief by *Fred G. Silber-schmidt* and *Lees & Bunge,* all of La Crosse, and oral argument by *Geo. W. Bunge.*

*Charles F. Millmann* of Milwaukee, for the respondent.

FRITZ, J.   The subcontractor, in its contract with the principal contractor, agreed "to furnish and pay for all costs or rentals of equipment . . . required for the construction . . . ." of the work to be performed by the subcontractor, and also agreed to "furnish a surety company bond guarantying the full, complete, and faithful performance of this agreement. . . ."   By those provisions the subcontractor expressly obligated itself (1) to "pay for all rentals of equipment required for the construction of the subcontract work," and (2) to furnish a surety bond guarantying "the full, complete performance of this agreement."   Manifestly the latter provision clearly required the bond to guaranty full performance of the subcontractor's contract to pay all rentals for equipment, as well as full performance by the subcontractor in all other respects required by its subcontract.

In compliance with that contract the subcontractor executed and furnished the bond in suit, with the Maryland

Casualty Company as surety. The condition of that bond is as follows:

"If the principal shall faithfully perform the foregoing contract with Lakeside Bridge & Steel Company, do all the work, furnish and perform all the materials and services and make all the payments for materials, equipment, facilities, labor and services, all as in said contract provided, and indemnify and save harmless Lakeside Bridge & Steel Company from all loss, cost, disbursement, damage and expense, including attorney's fees, resulting from any failure of the principal to fully and faithfully perform said contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

There is nothing in that bond which excludes from its guaranty of performance of the subcontract by the subcontractor the requirement therein to "pay for all rentals of equipment." Such rentals are clearly within the words in condition in the bond, "if the principal shall faithfully perform the foregoing contract . . . and make all the payments for materials, equipment," etc. There is no ambiguity whatsoever in that respect. That being true, plaintiff as a third party is entitled to the benefit of those provisions in the subcontractor's contract and the bond. *Concrete Steel Co. v. Illinois Surety Co.* 163 Wis. 41, 157 N. W. 543; *United States Gypsum Co. v. Gleason,* 135 Wis. 539, 116 N. W. 238; *R. Connor Co. v. Ætna Indemnity Co.* 136 Wis. 13, 115 N. W. 811; *Warren Webster & Co. v. Beaumont Hotel Co.* 151 Wis. 1, 138 N. W. 102; *Builders L. & S. Co. v. Chicago, B. & S. Co.* 167 Wis. 167, 166 N. W. 320; *Northwestern B. & I. Co. v. Maryland Casualty Co.* 171 Wis. 526, 177 N. W. 31; *Building Contractors' L. M. L. Ins. Co. v. Southern Surety Co.* 185 Wis. 83, 200 N. W. 770; *A. Kieckhefer E. Co. v. Massachusetts B. & I. Co., ante,* p. 133, 252 N. W. 591; *Weary & Alford Co. v. Massachusetts B. & I. Co., ante,* p. 200, 252 N. W. 600.

However, respondent contends that the provision as to the subcontractor's obligation to furnish and pay for all costs and rentals of equipment, etc., is to be considered limited to only such performance as is required of the principal contractor, under its contract with the highway committee, because of the provision in the subcontract that the subcontractor "assumes toward the contractor the same obligations in respect to the subcontract work that contractor is under by the contract, general conditions, plans and specifications under which contractor has undertaken such work." Manifestly the purpose of that provision was to impose, in respect to subcontract work, all of the obligations of the principal contractor upon the subcontractor, even though the latter was not otherwise specifically required to perform them under its subcontract. But nothing is stated in that provision which limits the subcontractor's specific obligations by virtue of other provisions in its subcontract to merely those of the principal contractor. On the contrary, as is also expressly stated in the second last paragraph of the subcontract, the specific obligations assumed under the subcontract by the subcontractor, and the obligations assumed in addition thereto to be bound by the same obligations as the principal contractor is in respect to the subcontract work, "shall be cumulative." Consequently, nothing in those provisions as to cumulative obligations relieves the subcontractor from the provision in the subcontract which expressly requires it to pay the rentals.

As there is no uncertainty or ambiguity in respect to the meaning of the foregoing express and unequivocal provisions of the subcontract and the bond, when construed together, there is no occasion for resorting to surrounding circumstances to ascertain the intention of the parties. Likewise, the fact that neither the principal contractor, nor the money to be paid to it for the construction of public work,

can be held for the payment of rental, does not demonstrate that the bond was not intended to protect the principal contractor against the claims of third parties for rental, and that therefore the subcontract and the subcontractor's bond should not be construed to render the surety liable for such rental. As the subcontract and bond in suit are between private parties, they are to be regarded and construed as such contracts and bonds, when between private parties, were construed in the cases hereinbefore cited. Neither sec. 289.16 and sec. 289.53, Stats., nor the proposition as to what claims against a principal contractor for public work are lienable thereunder, are involved in this action. Consequently, the decisions in such cases as *Southern Surety Co. v. Metropolitan S. Comm.* 187 Wis. 206, 201 N. W. 980, 204 N. W. 476; *Fidelity & Deposit Co. v. Milwaukee-Western Fuel Co.* 191 Wis. 499, 210 N. W. 713; *Citizens Nat. Bank v. Republic Casualty Co.* 193 Wis. 56, 213 N. W. 661, and *Muller v. S. J. Groves & Sons Co.* 203 Wis. 203, 233 N. W. 88, are not applicable.

On the other hand, there are, in the bond in suit, no such words of limitation as were in the bond which was under consideration in *Gumz v. United States F. & G. Co.* 209 Wis. 408, 415, 245 N. W. 82, and by virtue of which the purpose of the indemnity was expressly restricted to solely the requirement that when the work was completed the project should be free from liens. As we recently said in respect to the decision in the *Gumz Case:*

"It is only where the particular language involved requires the court to hold that there is a modification of the promise to pay that the doctrine of third party beneficiary contracts does not apply." *A. Kieckhefer E. Co. v. Massachusetts B. & I. Co., supra.*

It follows that the portion of the judgment appealed from must be reversed; and that in lieu thereof the judgment shall

provide that plaintiff is entitled to recover from the surety the amount owing to plaintiff by the subcontractor.

*By the Court.*—The provision of the judgment appealed from is reversed, with directions that in lieu thereof the judgment entered shall provide that plaintiff shall recover from the K. W. Construction Company and the Maryland Casualty Company the sum of $338.25 with interest and costs.