DORE, Appellant, vs. GLENN ROCK MINERAL SPRING COM-
PANY, Respondent.

*October 4—October 24, 1911.*

*Master and servant: Contract of employment: Justification for leav-*
*ing: Right to commissions: When payable: Construction of*
*contracts.*

1. Refusal of an employer to pay commissions when due justifies
   the employee in leaving the employment.
2. Under a contract of employment "at a salary of $75 [$900], and
   commission of ten per cent. on all sales, to be paid in twelve
   equal and monthly instalments at the end of each and every
   month," both salary and commissions were payable monthly.
3. Under a contract by which plaintiff was to have charge of de-
   fendant's bottling plant and be general manager thereof and
   was to have a commission on "all sales," plaintiff was entitled
   to commissions not merely on sales made by him personally,
   but upon all sales made by defendant through whatever agency
   employed.
4. A contract should be so construed as to give effect to every word
   therein, if the writing will reasonably bear such a construc-
   tion.

APPEAL from a judgment of the county court of Waukesha
county: M. S. GRISWOLD, Judge. *Reversed.*

This action was brought to recover commissions alleged to
be due the plaintiff under the following contract:

"This agreement made in duplicate this 11th day of June,
1906, between the *Glenn Rock Mineral Spring Company,* a
corporation, party of the first part, and *Paul G. Dore,* of Wau-
kesha, Wisconsin, party of the second part,

"Witnesseth: That the party of the second part is to have
charge of the bottling plant of said corporation, situated in
the city of Waukesha, Wisconsin, and to be general manager
thereof.

"The party of the first part, its successors or assigns, hereby
agree to hire and employ the said *Dore* for the term of one
year from the 18th day of June, 1906, at a salary of $75, and
commission of 10 per cent. on all sales, to be paid in *twelve*

*equal* and *monthly* instalments at the end of each and every month during the said year."

The plaintiff entered the service of the defendant under the above contract on the 18th day of June, 1906, and continued said employment until on or about March 1, 1907, and quit the service at the last named date for the reason that defendant refused to pay commissions alleged to be due at that date. It is admitted that $75 salary named in the contract is an error, and that the amount should be $900, or $75 per month. Defendant set up several defenses and also a counterclaim alleging incompetency and want of skill on the part of plaintiff.

The court found:

That plaintiff entered into the contract above referred to.

That by the contract plaintiff was to have $75 a month and that said salary of $75 a month has been paid.

"That while in the defendant's employ, through his efforts on the road and otherwise, the plaintiff solicited sales of water for defendant company; he received money from the defendant from time to time to meet and cover expenses; he received in all during the period that he was in such employ to meet and cover expenses about $350, but the plaintiff never kept or rendered an itemized account of his expenses, and is in fact unable to state such amount with any minuteness, but, nevertheless, it does not appear that he was called upon to keep or render such itemized account of expenses, but payments were made to him right along by the defendant to use on expense account, and the defendant company, it appears to the court, was derelict itself in not exacting from time to time itemized statement of expenses, if the company desired to protect itself in that respect; and I therefore find that not anything should herein be allowed as the counterclaim in favor of the defendant and against the plaintiff on account of moneys paid on such expense account.

"That the aggregate of all sales of water of defendant company while the plaintiff was in the defendant's employ amount to the sum as stated in the complaint, that is about $5,110, and ten per cent. commission thereon is $511, and such sum with interest added would be and is the sum the plaintiff would

be entitled to recover herein for earnings as due him on account of commissions when he quit the defendant's employ in case he was entitled to recover at all in this action, and in case he was entitled to recover on all sales; said aggregate amount of sales includes, however, $963 of sales made to J. J. Wise, or to parties through Wise of Minneapolis, which defendant company claims to have been made under its own individual arrangement with Wise, and ten per cent. of said $963 would be $96.30, which deducted from $511 would leave $414.70 due the plaintiff, if the plaintiff were entitled to recover on all sales, deducting said sales to or through Wise.

"That there is in this case under all the evidence no warranty as to plaintiff's competency or skill, and the counterclaim herein for damages on account of plaintiff's want of competency or want of skill is not sustained by the evidence, in the opinion of the court, that the plaintiff did not possess or exercise reasonable competency and skill in the matter of his services so far as his efforts are concerned in selling water for the defendant company.

"That there was no settlement made at any time between the parties herein which would preclude or estop the plaintiff from his right to recover herein for his commissions on sales of water were he on other grounds entitled to recover."

And as conclusions of law the court found:

"That the contract for the employment of the plaintiff herein by the defendant, is to be construed as an entire contract for the term of one year's services with the salary of $75 a month, payable monthly; and that as to commissions on sales such commissions were only to be paid and would become due on the expiration of the year and would not be due until that time and were none of them due when the plaintiff quit the service of the defendant company, and upon the findings hereinbefore made that he quit and abandoned said services without justifiable cause, the plaintiff is not entitled to recover in this action, and his complaint herein should be dismissed with judgment for costs and disbursements in favor of the defendant."

Judgment was entered for defendant, from which this appeal was taken.

*G. Holmes Daubner,* for the appellant.

For the respondent there was a brief signed by *Clasen &
Walsh,* and oral argument by *E. D. Walsh.*

KERWIN, J.　The only questions involved are whether the
commissions were payable monthly under the contract, and
the amount of recovery.　If commissions were due monthly,
then the plaintiff was entitled to payment when he demanded,
at the end of each month, and refusal of defendant to pay was
sufficient cause to justify plaintiff leaving the employment.
*La Coursier v. Russell,* 82 Wis. 265, 52 N. W. 176; *Jung B.
Co. v. Konrad,* 137 Wis. 107, 118 N. W. 548; *Tilton v. J. L.
Gates L. Co.* 140 Wis. 197, 121 N. W. 331.

The contract is not as plain as it might be.　It provides for·
payment of "commission of ten per cent. on all sales, to be paid
in twelve equal and monthly instalments at the end of each
and every month during the said year."　The argument is made
that there could not be twelve equal payments if the commission
were to be paid monthly, since the amount of monthly sales in
contemplation of the parties at the time the contract was made
would vary materially during the year, hence the agreement
to pay in equal monthly instalments must have been intended
to refer only to salary.　But with this construction the word
"monthly" is mere surplusage, since twelve equal instalments
payable at the end of each month necessarily means twelve
instalments of $75 each, payable monthly.　But in order
to arrive at the intention of the parties, which is the im-
portant idea to be kept in mind in the construction of con-
tracts, every word in the contract should be given effect and
not be rejected, if the writing will reasonably bear such con-
struction.　*Harrington v. Smith,* 28 Wis. 43.　Now; it seems
plain from the context that the parties had in mind the fixing
of a time by the terms of the contract for the payment of the
commissions as well as the salary: "At a salary of $900, and
commission of ten per cent. on all sales, to be paid in twelve
equal and monthly instalments at the end of each and every

month during the said year." Twelve equal instalments at the end of each and every month makes definite the salary part of the contract, and twelve monthly instalments makes equally definite the payment of commissions monthly. This construction gives force and effect to the word "monthly," while the construction contended for by the respondent would leave it mere surplusage. We conclude that salary and commissions were payable monthly.

Respondent invokes the rule of practical construction, and says that no demand for payment of commissions was made by plaintiff. This argument cannot avail the respondent, because the plaintiff testified that he made monthly demands and always insisted that the commissions were payable monthly. This is denied, however, by defendant, and no finding is made upon the question by the court below. The evidence appears to preponderate in favor of the plaintiff upon this point.

The conclusion that the plaintiff, if entitled to recover, can only recover $414.70, and not $511, cannot be sustained. The plaintiff was entitled to his commissions on the $963 sale made to or through Wise, referred to in the findings. Under the contract the plaintiff was to have a commission on "all sales," not on sales made by him personally, but on all sales made by the defendant, through whatever agency employed. By the contract the plaintiff was to have charge of the bottling plant and be general manager thereof. The Wise sale, therefore, was covered by the plaintiff's contract and he was entitled to commissions thereon.

It follows, therefore, that the plaintiff is entitled to judgment for $511 and interest thereon from March 1, 1907.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to enter judgment for plaintiff for $511 and interest from March 1, 1907.