GRANT, Respondent, vs. CITY OF MILWAUKEE and others, Appellants.

*March 21—April 9, 1914.*

*Municipal corporations: Sale of "old garbage plant:" What included: Validity of sale: Razing of old building not a "public work or improvement."*

1. A city advertised for sale its "old garbage plant," "the entire building, including all its machinery, boilers, etc."  Plaintiff purchased and by written contract the city sold to him "the said old garbage plant . . . including the building and machinery therein, switchboard and engines appurtenant and belonging thereto and being a part thereof."  A finding of the civil court that two certain steam engines, two generators, and a switchboard, though located in a separate building, were a part of the "old garbage plant" and became plaintiff's property, is *held* to be based on sufficient evidence.

2. The razing or wrecking of the plant and removal of the machinery and material, which plaintiff agreed to do, was a necessary incident to the sale, and not a "public work or improvement" for which plans and other formal steps were required, as conditions precedent, by the city charter.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.    *Affirmed.*

Action of replevin brought against the city and its officers to recover two forty-five horse power engines, two generators, and a switchboard.    Judgment for the plaintiff was rendered in the civil court, which was affirmed in the circuit court, and the defendants appealed.    The property originally belonged to the city, and the question is whether the plaintiff obtained title by reason of certain transactions had by him with the city, acting by its commissioner of public works.    The facts were practically without dispute, and were in substance as follows: In and prior to 1901 the city had a sewage pumping station on Jones Island, lighted with oil lamps.    In 1901 the city constructed a garbage incineration plant about forty feet distant from the sewage station.    In equipping the garbage plant the city purchased the engines, generators, and switchboard in question for the purpose of power to transport boxes of garbage from scows to the plant, as well as light for the plant and power for the pump to wash the boxes.    The engines and generators were placed in a lean-to which is part of the sewage station and connected with the garbage building by cables.    After they were put in they were used to furnish light to the sewage station and are now so used.    The use of the garbage plant was discontinued in 1909.    October 28, 1912, a resolution was passed by the common council of the city directing the commissioner of public works to sell or dispose of "the building, machinery and other materials composing the old garbage plant" on Jones Island.    Under this resolution the commissioner advertised for proposals for the purchase of "the old garbage plant located on Jones Island; the bid is to be in the aggregate for the entire building, including all its machinery, boilers, etc."    Bids were received under this notice ranging from $400 to $1,235, one of which (for $750) was submitted by the plaintiff.    The bids not being satisfactory in amount to the commissioner, he rejected all of them and reported his proceedings to the common council and

requested instructions as to whether he should proceed further. January 13, 1913, the council passed the following resolution:

"Whereas, on October 28, 1912, the common council adopted a resolution instructing the commissioner of public works to arrange for the tearing down of the old garbage plant on Jones Island; and

"Whereas, pursuant to said resolution the commissioner of public works advertised for bids for the tearing down and removal of said plant; and

"Whereas, the commissioner of public works has submitted to the common council bids by him received for the razing of said plant, ranging from $400 to $1,235,

"Therefore, be it resolved, by the common council of the city of *Milwaukee,* that the commissioner of public works be, and he is authorized and directed to enter into a contract for the razing of the said plant, which in his judgment shall be for the best interests of the city of *Milwaukee.*"

Thereupon the commissioner published another notice "for the sale of the old garbage plant located on Jones Island," as follows:

"Sealed proposals will be received at this office until Thursday, January 30, 1913, at 10:30 o'clock a. m., for the sale of the old garbage plant located on Jones Island. The bid is to be in the aggregate for the entire building, including all its machinery, boilers, etc., all of said material to be removed from the premises on or before May 1, 1913, and leaving said premises free from all rubbish, material or refuse. All work is to be done to the satisfaction of the commissioner of public works."

In response to this notice the plaintiff submitted a written bid, as follows:

"In response to your 'Official Notice No. 6' hereto attached, we hereby bid for the old garbage plant on Jones Island, including the building and machinery therein, switchboard and engines appurtenant thereto and belonging thereto, and being part thereof, and agree to pay therefor $2,010, within ten days after the acceptance of this bid, provided the bid be accepted within a reasonable time, and agree to wreck the build-

ing and take away the machinery and material on or before the first day of May, 1913, all to the satisfaction of the commissioner of public works."

This bid was accepted by the commissioner and the plaintiff paid the amount thereof to the city treasurer. At about the same time a written contract was entered into between the plaintiff and the city (acting by the commissioner), reciting the notice, the bid and the acceptance thereof, and containing the following clauses:

"Now, therefore, the said city of *Milwaukee,* party of the second part, does hereby sell and assign to the said *R. J. Grant,* party of the first part, the said old garbage plant on Jones Island, including the building and machinery therein, switchboard and engines appurtenant and belonging thereto and being part thereof, and

"Said *R. J. Grant,* party of the first part, covenants and agrees to and with the said city of *Milwaukee,* to wreck said plant and remove and take away the said machinery and material and clean up the wreckage of said plant to the satisfaction of the commissioner of public works of said city, in manner and form as prescribed by said 'Official Notice No. 6,' within ninety days from the date of this contract, that is to say on or before the first day of May, 1913."

The plaintiff proceeded with the wrecking and removal of the plant, but when he came to the engines and generators he was stopped by the commissioner and forbidden to remove them, on the ground that they were not included in his purchase. It seems from the evidence that the plaintiff always understood that the engines, generator, and switchboard were included in the purchase, but that the commissioner did not so understand. The case was tried before the court, and the judge of the civil court who tried the case found that the machinery in controversy was a "part of the old garbage plant on Jones Island."

For the appellants there was a brief by *Daniel W. Hoan,* city attorney, and *E. L. McIntyre,* assistant city attorney, and oral argument by *Mr. McIntyre.*

*John T. Kelly,* for the respondent.

WINSLOW, C. J.   There is really very little that need be said in affirming this judgment.   The city advertised for sale "the old garbage plant," "the entire building, including all its machinery, boilers, etc."   The trial court found on sufficient evidence that the machinery in question was a part of "the old garbage plant," although located in a separate building.   When, therefore, the plaintiff bid for the "old garbage plant" and his bid was accepted and the money paid, he became the owner of the machinery in question.

The claim that the razing of the plant was a public work or improvement, and hence that the sale was void because certain charter provisions were not complied with, requiring that plans of the work be first made and certain other formal steps be taken, cannot be sustained.   The razing of the building was in no proper sense a public work or improvement, but simply a necessary incident to the sale of the materials and machinery.

*By the Court.*—Judgment affirmed.