Worden-Allen Company, Respondent, vs. City of Milwaukee, imp., Appellant.

*February 10—March 9, 1920.*

*Municipal corporations: Contract to construct sewer: Lien of materialmen: Sewer as "machinery:" Principal contractor turning materials over to subcontractor for installation.*

1. A materialman furnishing steel necessary to carry out a contract with the city of Milwaukee for the construction of a sewer has no lien therefor under ch. 332, Laws 1878, providing that any person that shall furnish supplies or materials in the execution of any contract awarded by the board of public works or the commissioner of public works of the city shall have a lien therefor, where the contract under which the materials were furnished was not one awarded by the board of public works or by the commissioners but by the sewerage commission under sub. (i), sec. 5, ch. 608, Laws 1913, and sec. 8 of the same chapter.

2. Where the contract was awarded by the sewerage commission, a right to a lien exists under sec. 3328, Stats., providing that any subcontractor who has done work or labor or furnished materials to any principal contractor for the construction of any building or machinery may maintain an action therefor, such section not being inconsistent with ch. 332, Laws 1878, creating a materialman's lien under contracts by the board or commissioner of public works, in which case the latter statute is controlling.

3. A sewer is "machinery" within sec. 3328, Stats., giving a materialman a lien for material used in the construction, repair, or removal of any building or machinery.

4. In an action by a materialman against a city to recover for materials furnished, the fact that part of the materials was turned over by the principal contractor to another subcontractor to be installed did not deprive the materialman of his right to a lien where such material was actually used in the construction of the sewer.

Appeal from a judgment of the circuit court for Milwaukee county: Oscar M. Fritz, Circuit Judge. *Affirmed.*

The plaintiff entered into a written contract with the Wisconsin Tunnel & Construction Company, hereinafter called the Construction Company, by the terms of which the plaintiff sold to the Construction Company all the steel

necessary to carry out its contract with the city of *Milwaukee* for the construction of a sewer. The Construction Company did not pay the plaintiff, and the plaintiff claims a lien under the provisions of sec. 3328, Stats. Plaintiff commenced action against the Construction Company and the city, and judgment was entered in favor of the plaintiff against the Construction Company for $6,759.65 with interest, and against the city for $5,439.01. From this judgment the city appeals.

For the appellant there was a brief by *Clifton Williams,* city attorney, and *Charles W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

For the respondent there was a brief by *Bottum, Bottum, Hudnall & Lecher* of Milwaukee, and oral argument by *Geo. B. Hudnall.*

ROSENBERRY, J.   But two questions are presented by this appeal. First. Is the liability of the city of *Milwaukee* governed by sec. 3328, Stats., or by ch. 332, Laws 1878? Second. If the liability of the city is governed by sec. 3328, is the sewer in question within the terms of that statute?

Ch. 332, Laws 1878, provides:

". . . Any person, company or corporation, that shall furnish any supplies or materials, or that may do or perform any labor or services in the execution of any contract awarded by the board of public works of the city of *Milwaukee,* shall have a lien for the amount due for such supplies, . . . *provided, however,* such laborer or materialman shall have filed in the office of the city clerk of said city, within twenty days after such claim or demand shall have accrued, a petition or statement in writing, under oath, . . ."

It is to be noticed that ch. 332 gives a lien to any person for supplies or materials in the execution of any contract *awarded by the board of public works.* The law was subsequently amended so as to make it applicable to contracts awarded by the commissioner of public works.

The sewerage commission is empowered by sub. (i), sec. 5, ch. 608, Laws 1913, "to make and enter in the name and on behalf of any such city any and all contracts, agreements, or stipulations germane to the scope of its duties and powers under this act."

Sec. 8 of the same chapter provides:

"That all work done or supplies or material purchased in carrying out the purposes of this act when involving the expenditure of two hundred dollars or more shall be by contract awarded to the lowest responsible bidder in accordance with the laws of this state and ordinances then applicable to any such city having reference to the letting of public work by and through the board or commissioner of public works or other proper department in such city."

The plaintiff has no lien under ch. 332, for the reason that the contract under which the materials were furnished was not one awarded by the board of public works or by the commissioner of public works. The class of contracts to which it is applicable having been enumerated, it cannot, under similar rules of construction, be extended to classes other than those specified.

Does sec. 3328 apply? It provides:

"Any subcontractor who has done work or labor or furnished materials to any principal contractor for the construction, repair or removal of any building or machinery for any county, town, . . . may maintain an action therefor . . ."

All the provisions of the statute were admittedly complied with, and the only question presented is that of its applicability to plaintiff's claim. No reason is perceived why the two statutes cannot stand together. They are not in conflict, except as to those contracts let by the board of public works or the commissioner of public works. As to such contracts the provisions of ch. 332 are controlling. It is claimed that the material furnished, which was incorporated into a sewer, was not furnished for the construction, repair, or removal of any building or machinery. The

plaintiff contends that the sewer is machinery within the meaning of that term as used in sec. 3328. That it is not a machine is clear. That the sewerage system of the city of *Milwaukee* is a part of its machinery is established by the authorities. The word *machinery* is of a much broader application and much more comprehensive in its meaning than the word *machine*. In *Comm. v. Lowell G. L. Co.* 12 Allen (Mass.) 75, the court said:

"The mains or pipes laid down in the streets and elsewhere to distribute the gas among those who are to consume it were clearly a part of the apparatus necessary to be used by the corporation in order to accomplish the object for which it was established. They constituted a part of the machinery by means of which the corporate business was carried on, in the same manner as pipes attached to a pump or fire-engine for the distribution of water, or wheels in a mill which communicate motion to looms and spindles, or the pipes attached to a steam-engine to convey and distribute heat and steam for manufacturing purposes, make a portion of the machinery of the mill in which they are used. Indeed, in a broad, comprehensive, and legitimate sense, the entire apparatus by which gas is manufactured and distributed for consumption throughout a city or town constitutes one great integral machine, consisting of retorts, station-meters, gas-holders, street-mains, service-pipes, and consumers' meters, all connected and operating together, by means of which the initial, intermediate, and final processes are carried on, from its generation in the retort to its delivery for the use of the consumers." See, also, 161 U. S. 316, 16 Sup. Ct. 564.

Under sec. 3314, Stats., it was held that a subcontractor who furnished iron pipe to be used in the construction of waterworks, the pipe being laid in the public streets and connected with the hydrants upon the streets and also with the pumping works, was entitled to the lien given by that section. See *Nat. F. & P. Works v. Oconto W. Co.* 52 Fed. 43, and cases cited. The construction which we give sec. 3328 fully effectuates and carries out the legislative pur-

poses; and while the statute is to a certain extent in deroga-
tion of the common law, nevertheless it is of a remedial
nature, and should be so construed as to accomplish the
purpose for which it was enacted.

It is claimed because a part of the steel furnished was
turned over to another subcontractor by the Construction
Company that the plaintiff is entitled to a judgment for no
more than $788. The steel in question was furnished by
the plaintiff to the Construction Company and was used by
its subcontractor in the construction of the sewer. The
fact that it was put in place by another contractor, instead
of by the employees of the Construction Company, is im-
material. It was intended to be used and was used for the
purposes for which it was sold by the contractor, and under
sec. 3328 the subcontractor is entitled to his lien.

*By the Court.*—Judgment affirmed.