WHITE, Appellant, vs. UNITED STATES FIDELITY &
GUARANTY COMPANY, Respondent.

*September 13—October 9, 1934.*

174

For the appellant there were briefs by *Reinertsen & White*, attorneys, and *Gold & McCann* of counsel, and oral argument by *John C. Love*, all of Milwaukee.

For the respondent there was a brief signed by *Lines, Spooner & Quarles*, and oral argument by *Maxwell H. Herriott*, all of Milwaukee.

ROSENBERRY, C. J. It is conceded that unless the service rendered was lienable under the statute the defendant Guaranty Company is not liable. The plaintiff claims that he is

entitled to a lien; the Guaranty Company alleges that he is not. Considerable reliance is placed by the plaintiff upon *Barker & Stewart L. Co. v. Marathon P. M. Co.* 146 Wis. 12, 130 N. W. 866. It was there held that where a dealer had sold materials for use in the construction of a dam and had advanced the freight, his claim for a lien for materials included the freight on the theory that the freight was part of the delivered purchase-price. We are unable to see how this case in any way aids the plaintiff. He furnished no materials,—he furnished merely transportation. His charge is a transportation charge, not a charge for materials plus transportation. We are earnestly urged to extend this rule, but we see no basis upon which such a holding could be made.

It is considered that this case is ruled by *Muller v. S. J. Groves & Sons Co.* 203 Wis. 203, 233 N. W. 88. In that case Muller rented a portable steam-engine with an operator for which the plaintiff was to receive $1.50 an hour while operating one crusher and $3 an hour while operating two crushers. For the agreed price plaintiff was to furnish his engine, trucks, water-hauling machinery, belts, and other equipment, all oil and supplies, exclusive of coal, and all labor necessary to operate his engine and equipment. In that case the court said, speaking by OWEN, J.:

"It seems to be sanctioned, upon both reason and authority, that where tools, appliances, or instrumentalities are essential to render human labor efficient, the mechanics' lien laws cover the value of the use of such tools and appliances as may have been furnished and used by the claimant in the performance of the labor for which a lien is claimed." . . .

It was further held that where a machine is the dominant element in the transaction, and that labor is merely incidental to the operation of the machine, the owner of the machine is not entitled to a lien for services merely because he operates it.

There is no distinction to be drawn between this case and the *Muller Case,* except that the truck is a more mobile

machine than a portable steam-engine attached to a stone-crusher. The compensation to be paid, thirty-five cents per cubic yard, was for the use of a truck primarily. While as in the *Muller Case* it was necessary for the machine to be operated, the operation of the machine was necessary to make it useful. The plaintiff in this case had no contract. He merely made his truck (machine) available to the Sandstone Company at the rate of thirty-five cents per cubic yard for such material as should be transported. This was a clear transportation charge not performed under a contract to render service and the trial court correctly so held.

The case at bar and the *Muller Case* are not in conflict with the decision in *Theiler v. Consolidated Indemnity & Ins. Co.* 213 Wis. 171, 250 N. W. 433. In the *Theiler Case* the claimant was a subcontractor and as such within the terms of the statute. The distinction between the *Theiler Case* and the *Muller Case* is pointed out in the opinion in the *Theiler Case*.

*By the Court.*—Judgment affirmed.