KNUTH, Appellant, vs. FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondent.

*April 9—May 7, 1957.*

604

For the appellant there was a brief and oral argument by *Paul Pike Pullen* of Milwaukee.

For the respondent there was a brief by *Bendinger, Hayes & Kluwin,* and oral argument by *Bernard J. Hankin,* all of Milwaukee.

WINGERT, J. We are of opinion that the complaint states a cause of action against the Surety Company.

Section 10 of the three-party contract provides that Fidelity guarantees, covenants, and agrees with the city that Donlen will well and truly perform the contract; "and that the said party or parties of the second part [Fidelity] will well and truly pay on demand to the said city of Milwaukee any and all damages, and sums of money, which the said party of the first part [Donlen] shall be liable to pay to the said city under this contract or any clause or agreement therein; *and shall promptly make payment to each and every person or party entitled thereto of all the claims for work or labor performed and material furnished for or in or about this contract."* (Italics ours.)

In the absence of anything to the contrary in the contract, we construe the italicized clause as a promise by Fidelity to pay directly any claim against Donlen for "work or labor performed and material furnished for or in or about this contract," if Donlen shall fail to pay the same. It is thus a contract for the benefit of the third persons who furnish work, labor, or materials to Donlen "for or in or about" the contract, and as such is enforceable in an action at law by a third-party beneficiary who brings himself within its terms.

*Concrete Steel Co. v. Illinois Surety Co.* 163 Wis. 41, 43, 46, 157 N. W. 543; *Theodore J. Molzahn & Sons v. Maryland Casualty Co.* 214 Wis. 603, 605, 254 N. W. 101. It is within the city's powers, and proper and commendable, to contract for a performance bond broad enough in terms to protect suppliers of services and materials whose claims are not lienable. *R. Connor Co. v. Aetna Indemnity Co.* 136 Wis. 13, 17, 115 N. W. 811; *Builders L. & S. Co. v. Chicago B. & S. Co.* 167 Wis. 167, 172, 166 N. W. 320.

Fidelity argues that the only purpose of section 10 of the contract is to protect the city, and that it should not be construed as a contract for the benefit of third-party suppliers of services or materials for the contract. We think, however, that the express words of section 10, that the defendant shall "promptly make payment to each and every person or party entitled thereto of all the claims for work or labor performed and material furnished" are too clear to admit of any such construction. *Ozaukee Sand & Gravel Co. v. Milwaukee,* 243 Wis. 38, 9 N. W. (2d) 99, relied on by Fidelity, involved only the interpretation of the very different language of sec. 289.53 (4), Stats. 1939, and held that a contract to supply gravel unrelated to a specific construction project was not a contract "for a public improvement" within the meaning of that statute. The case is no authority for denying the quoted words of section 10 their plain meaning as a promise for the benefit of third persons.

It remains to consider whether plaintiff brings himself within the class of persons to whose benefit the quoted promise extends. Does one who performs the service of hauling and delivering the sand and gravel which the principal contractor has contracted to furnish to the city have a claim "for work or labor performed and material furnished for or in or about this contract?" We think he does.

In our view the transportation of sand and gravel to the buyer is "work . . . performed for or in or about" the con-

tract to furnish the material; to wit, the work of hauling. "Work" must mean something other than "labor," otherwise the expression "work or labor" is mere tautology. Other things being equal, a construction which gives effect to every word of the contract should be preferred to one which results in surplusage. *Dore v. Glenn Rock Mineral Spring Co.* 147 Wis. 158, 161, 132 N. W. 906. That the legislature uses "work" as a much broader term than "labor" in a somewhat comparable context is illustrated by a comparison of sec. 289.01 (2) (a), Stats., giving a lien to a principal contractor "who performs any work," etc., and sec. 289.02 (1), providing different lien protection for every person other than a contractor "who furnishes labor."

While Fidelity is a surety, it is a paid surety, and hence its obligation is not to receive the strict construction to which gratuitous sureties are entitled, but on the contrary has the essential features of an insurance contract and is subject to the rules of construction applicable to such contracts. *Building Contractors' L. M. L. Ins. Co. v. Southern S. Co.* 185 Wis. 83, 87, 200 N. W. 770.

In sustaining Fidelity's demurrer, the circuit court relied on a number of decisions holding that a surety's obligation under a performance bond on a public improvement executed pursuant to the requirement of sec. 289.16 (1), Stats. (formerly sec. 3327*a*), and in substantially the statutory language, is limited to payment of such claims as are described in that statute. *Wisconsin Brick Co. v. National Surety Co.* 164 Wis. 585, 160 N. W. 1044; *Webb v. Freng,* 181 Wis. 39, 194 N. W. 155; *Southern Surety Co. v. Metropolitan S. Comm.* 187 Wis. 206, 201 N. W. 980, 204 N. W. 476. Those cases were decided prior to the extensive amendment of sec. 289.16 (1) by chs. 83 and 316, Laws of 1933, and were based on the proposition that the bond, being given pursuant to statutory mandate, was to be construed as covering only claims of the kind mentioned in the statute; and the

coverage of the statute was in turn limited to claims of the sort that would be lienable under the Mechanic's Lien Law in the case of a private construction project, since the purpose of sec. 289.16 was to extend to contractors, laborers, and materialmen on a public work protection comparable to that given by the Mechanic's Lien Law on private construction.

Under the rationale of those cases claims of many kinds for services or commodities furnished to public contractors were held to be "nonlienable" and not recoverable from the contractor's bondsman. To the cases cited may be added *White v. United States F. & G. Co.* 216 Wis. 173, 256 N. W. 694, where a trucker who hauled materials on a county construction job was held not entitled to a "lien" under sec. 289.16, Stats. 1929, and hence not entitled to recovery under the bond required by that statute. Other comparable cases are reviewed in *Osgood Co. v. Peterson Construction Co.* 231 Wis. 541, 545, 286 N. W. 54.

We do not think that that line of cases is controlling of the present one. Here the bond is not given pursuant to the requirement of sec. 289.16 (1), Stats., which applies only when the contract "pertains to or is for or in or about any public improvement or public work of whatsoever kind." The contract now before us is not directly related to any public improvement or public work, but merely calls for the sale and delivery of commodities not earmarked for use on any particular project. Hence it is not a contract for a "public improvement or public work." *Ozaukee Sand & Gravel Co. v. Milwaukee,* 243 Wis. 38, 9 N. W. (2d) 99; *Standard Oil Co. v. Clintonville,* 240 Wis. 411, 414, 3 N. W. (2d) 701. Therefore sec. 289.16 (1) is not applicable.

Since the obligation now in suit was not required by sec. 289.16 (1), Stats., there is no reason to construe it as limited in coverage to the statutory requirement. Moreover, it is broader in terms than sec. 289.16 (1), which requires that

the bond be conditioned on payment of all claims "for *labor* performed, and materials furnished for or in or about or under such contract, *to be used or consumed in making such public improvement or performing such public work.*" By section 10 of the contract in suit, the surety agrees to make payment to each person entitled thereto "of all the claims for *work* or labor performed and material furnished for or in or about this contract," without limitation to use or consumption in making a public improvement or performing a public work. Even in the case of a bond given pursuant to sec. 289.16 (1), if its terms are substantially broader than the statute requires, it will be construed to cover claims not "lienable" under the statute. *Building Contractors' L. M. L. Ins. Co. v. Southern S. Co.* 185 Wis. 83, 86, 200 N. W. 770; *Hunter Machinery Co. v. Southern Surety Co.* 193 Wis. 218, 222, 214 N. W. 613.

The provision of section 16 of the present contract, that the contract is made expressly subject to the provisions of ch. 261, Laws of 1882, and laws amendatory and supplemental thereto, is immaterial to the construction of section 10. The statute thus referred to, now sec. 26.11, Milwaukee city charter (1934 ed.), provides that any person furnishing "supplies or materials" for the use of a contractor in the performance of any contract made with the board of public works of the city of Milwaukee, in the name of the city, or that shall do any labor for such contractor in the performance of such contract, shall have a lien, enforceable according to a prescribed procedure. This statute requires no bond, and the contract is not made with the board of public works, but instead with the central board of purchases. See *Worden-Allen Co. v. Milwaukee,* 171 Wis. 124, 176 N. W. 877.

*By the Court.*—The order sustaining the demurrer of the defendant Fidelity & Casualty Company of New York and the judgment dismissing the complaint as to said defendant are reversed, with directions to overrule the demurrer.