HRIBAR, Appellant, vs. JOHNSON, Defendant: FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondent.

WAUKESHA BLOCK COMPANY, INC., Appellant, vs. JOHNSON, Defendant: FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondent. [Two cases.]

*April 9—May 7, 1957.*

For the appellants there was a brief and oral argument by *A. L. Tilton* of Milwaukee.

For the respondent there was a brief by *Bendinger, Hayes & Kluwin,* and oral argument by *Bernard J. Hankin,* all of Milwaukee.

WINGERT, J. These are companion cases to *Knuth v. Fidelity & Casualty Co.,* ante, p. 603, 83 N. W. (2d) 126, and are governed by the decision in that case. The four cases were heard together in the circuit court, and in each case the court sustained the demurrer of the Fidelity & Casualty Company of New York to the complaint and entered judgment dismissing the complaint as to that company. The appeals were argued together and the parties have stipulated that they involve the same questions of law.

Each case involves a contract by a dealer in sand and gravel to furnish those commodities to the city of Milwaukee, to which contract the Fidelity & Casualty Company of New York was a party, and by section 10 of which Fidelity guaranteed performance of the contract by the dealer, and also agreed to "promptly make payment to each and every person or party entitled thereto of all the claims for work or labor

performed and material furnished for or in or about this contract." In all material respects the contract is the same as that in the *Knuth Case*. Each of the plaintiffs asserts an unpaid claim against the principal contractor (the dealer) and seeks recovery thereof from Fidelity by virtue of the quoted provision of section 10.

In the *Hribar Case,* plaintiff's claim is for trucking services furnished to the principal contractor, while in the *Waukesha Block Co. Cases* the plaintiff claims the price of gravel sold by it to the principal contractor. While the complaints are not clear on the point, the parties and the court appear to have assumed that Hribar's trucking services were related to and in aid of performance of the principal contractor's obligation to the city under the contract, and that the gravel sold by Waukesha Block Company to the principal contractor went to the city under the contract. For present purposes we accept that interpretation. Thus viewed, the *Hribar Case* is on all fours with *Knuth v. Fidelity & Casualty Co.,* while the *Waukesha Block Co. Cases* differ only in the fact that instead of furnishing trucking services to the principal contractor, the plaintiff furnished gravel.

We consider that the claim of Waukesha Block Company for the price of gravel sold to the principal contractor to enable him to perform his contract stands on the same footing as the claims of Knuth and Hribar for services in transporting the gravel. Section 10 of the contract in suit obligates Fidelity to "make payment to each and every person or party entitled thereto of all the claims for work or labor performed *and material furnished for* or in or about this contract." No distinction is discernible between gravel sold by Waukesha Block Company which was "material furnished for" the contract, and the trucking services of Knuth and Hribar, which were "work . . . performed . . . for" the contract.

*By the Court.*—In each case the order sustaining the demurrer of the Fidelity & Casualty Company of New York and

the judgment dismissing the complaint as to said defendant are reversed, and the cause remanded for further proceedings not inconsistent with this opinion.