LAUTERBACH, Appellant, v. BROWN, d/b/a BARABOO CON-
CRETE PRODUCTS COMPANY, Respondent.

*April 8—May 5, 1959.*

242

For the appellant there was a brief by *Callahan & Arnold* of Columbus, and oral argument by *E. Clarke Arnold*.

For the respondent there was a brief by *Hill, Miller & Quale* of Baraboo, and oral argument by *James H. Hill, Jr.*

HALLOWS, J. The only question on this appeal is whether the defendant breached the lease by his failure to dump the waste material along the marsh. In construing a contract the court should give effect to all parts of the instrument and an interpretation which gives a reasonable meaning to all provisions is to be preferred to one which leaves part of the language useless or inexplicable. A construction which renders meaningless a provision expressed in the contract or results in surplusage should be avoided if possible. *Knuth v. Fidelity & Casualty Co.* (1957), 275 Wis. 603, 83 N. W. (2d) 126; *Bank of Cashton v. La Crosse C. S. T. M. I. Co.* (1934), 216 Wis. 513, 257 N. W. 451; 3 Williston, Contracts (rev. ed.), p. 1781, sec. 619.

The apparent purpose of the lease in view of its other provisions indicates an intention of the parties that the pit would be left by the defendant in good, workable condition.

The defendant was to remove the trees and deliver them in convenient lengths to the plaintiff. Upon termination all equipment and processed material were to be removed. Damage to gates and other parts of the property was to be repaired by the defendant at his own cost, and all water holes to be filled with waste material and made reasonably level.

In his brief the defendant points out most operators pile waste material outside the pit, which is detrimental to the owner of the premises. From this it is argued the quoted language meant the defendant had the right to either leave the waste material in the pit or he could dump it along the marsh, or do both. Leaving the waste material in the pit and around its upper perimeter, where it would later have to be removed upon further working of the pit, is not consistent with the general intention of the parties. Another difficulty with the defendant's construction is that it changes the language of the contract from the conjunctive to the disjunctive. No explanation is given why the defendant should have the right to leave the waste material in the pit and around its perimeter or anywhere on the premises of his choosing rather than dump it along the marsh, which was a part of the leased premises.

The real question is not whether the defendant had a permissive right or a choice between leaving the waste material anywhere on the premises or removing it but is whether, if the defendant did not remove the waste material from the premises, what is his right to leave the waste material on the premises? A fair and reasonable interpretation of the said language of the contract is that the defendant did not have to remove the waste material but if he left it, he had to dump it along the marsh. The language of the contract "shall have the right to leave waste material and to dump said waste material along the marsh . . ." expresses only one right and one idea, not two separate rights or alterna-

tive rights or a choice of rights. The phrase "dump said waste material" cannot reasonably be separated from the phrase "leave waste material." The words "said waste material" in the "dump" phrase refer to the identical waste material in the "leave" phrase. Leaving waste material is therefore contingent upon dumping it along the marsh.

This is the only construction of the particular language used which seems reasonable, gives effect to the apparent purpose of the contract, and does not leave any language surplusage.

*By the Court.*—Judgment appealed is reversed with instructions to the trial court to enter a judgment in favor of the plaintiff in the principal sum of $4,588.88, plus such costs and disbursements as the plaintiff is entitled to.