WILLIAM C. KIDD, Secretary, Department of Business Development
You have requested my opinion to clarify the meaning of sec. 66.521 (11), Stats., as created by ch. 265, Laws of 1973, and to delineate the circumstances thereunder which would require any issuing municipality to require a performance bond so as to protect itself from financial responsibility for unpaid contractors' bills.
Section 66.521 is Wisconsin's industrial revenue bond law, the constitutionality of which was sustained in State ex rel.Hammermill Paper Co. v. LaPlante (1973), 58 Wis.2d 32,205 N.W.2d 784. Section 66.521 (11), Stats., provides:
 "(11) Certain laws not applicable. With respect to the enforcement of any construction lien or other lien under ch. 289 arising out of the construction of projects financed under this section, no deficiency judgment or judgment for costs may be entered against the municipality. Projects financed under this section shall not be deemed to be public works, public improvements or public construction within the meaning of ss. 59.08, 62.15, 289.14, 289.15 and 289.155 and contracts for the construction of such projects shall not be deemed to be public contracts within the meaning of ss. 59.08 and 66.29 unless factors such as and including municipal control over the costs, construction and operation of the project and the beneficial ownership of the project warrant such conclusion."
The first sentence of subsec. (11) declares that with respect to the enforcement of any lien under ch. 289, no deficiency judgment or judgment for costs may be entered against a municipality arising out of its involvement in a construction project financed under the industrial bond law.
The first clause of the second sentence of subsec. (11) declares that industrial revenue bond projects shall not be deemed to be public works, public improvements or public construction within the meaning of secs. 59.08, 62.15, 289.14, 289.15 and 289.155, Stats. The second clause of the second sentence of subsec. (11) provides that contracts for the construction of industrial revenue *Page 171 
bond projects shall not be deemed to be public contracts within the meaning of secs. 59.08 and 66.29, Stats.
Sections 59.08, 62.15 and 66.29 are concerned with receiving bids and awarding public contracts for public works and public construction in counties and municipalities. Sections 289.14, 289.15 and 289.155 are concerned with the form of contracts, performance bonds, liens and rights of judgment creditors pertaining to public works and public improvements at the municipal and state levels.
The exclusions in sec. 66.521 (11) are consistent with the typical construction project financed by industrial revenue bonds. Most are "turn-key" projects, where an industrial concern constructs a plant facility with interim financing. Eventually the project is paid for with the proceeds from the bonds. The industrial concern agrees to sell, and the municipality involved agrees to buy the project with proceeds from the bonds. The industrial concern agrees to lease the project back from the municipality on such terms as would retire the bonds as they mature. See 63 OAG 145 (1974).
It is my opinion that the language of sec. 66.521 (11), Stats., specifically excludes contracts for the construction of industrial revenue bond projects from the provisions of the statutes enumerated therein unless the exception clause at the end of the second sentence applies. That is, unless factors such as and including municipal control over the project and the beneficial ownership of the project warrant the conclusion that the contract for construction of the industrial revenue bond project is a public contract for public works, public improvements, or public construction, then the statutes relating to public works, etc. shall not apply.
The ordinary project under 66.521 is not a project for "public works," but rather is a private project financed by a municipality. In general, a public works project is one the public body will use. See Knuth v. Fidelity Casualty Co. (1957), 275 Wis. 603, 608, 83 N.W.2d 126; 35 Words Phrases, p. 134 et seq. In fact, the phrase "public works" has been narrowly construed to require more than mere use of a product; it embraces purchase of supplies and labor. See Ozaukee Sand Gravel Co. v.Milwaukee (1943), 243 Wis. 38, 9 N.W.2d 99; Standard Oil Co. v. *Page 172 Clintonville (1942), 240 Wis. 411, 414-416, 3 N.W.2d 701. The premise that public involvement by way of public monies makes the project a project of public works has been rejected. Grant v.Milwaukee (1914), 156 Wis. 635, 146 N.W. 780.
In summary, for there to be a project of public works more is required than the mere expenditure of public monies. At least a governmental use must be made of the end product.
Given the fact that industrial revenue bond projects are typically constructed by and for private industry rather than by and for the municipality, the exception clause to sec. 66.521 (11), Stats., will apply only rarely. Accordingly, the municipality financing the typical industrial revenue bond project constructed by private industry cannot require a performance bond as a matter of course. Such a requirement would be inconsistent with the total concept of such projects which provides for only restricted municipal involvement.
BCL:APH