NAGLE HART, INC., a Wisconsin corporation,
Plaintiff-Respondent,

v.

UNITED PACIFIC INSURANCE COMPANY,
Defendant-Appellant.

Court of Appeals

*No. 86–0295. Submitted on briefs March 10, 1987.—Decided
October 8, 1987.*

(Also reported in 417 N.W.2d 36.)

For the defendant-appellant the cause was submitted on the brief of *Kip C. Roloff,* of Shawano.

For the plaintiff-respondent the cause was submitted on the brief of *Daniel W. Stolper* and *Stafford, Rosenbaum, Rieser & Hansen,* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   United Pacific Insurance Company, a bonding company, appeals from summary judgment granted to Nagle Hart, Inc., for $15,928.85. The judgment covers rental payments and insurance charges on equipment Nagle Hart leased to Staples Construction Co. for use on a City of Hayward public works project. Staples was a subcontractor of the prime contractor whom United had bonded. The issues are (1) whether the bond covers the unpaid claim of a supplier against a subcontractor on a public works project; and (2) if the bond covers the claim, whether the supplier can recover for that part of its claim involving use of the equipment off the project. We conclude that the bond does not cover the supplier's claim. We therefore reverse, without reviewing the second question, and remand with instructions to dismiss the complaint.

Standard summary judgment procedure has been described too often to require repeating. *See, e.g., In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983). Our review is *de novo,* and the conclusions of the trial court do not affect our analysis.

To shorten that procedure, we state the undisputed facts. In May 1981 Nagle Hart leased a caterpillar tractor to Staples, who had subcontracted with ACG Mechanical, Inc., the prime contractor on a City of Hayward wastewater treatment project, for Staples's use on that project. The lease calls for rental payments for an unspecified period and for payment

of insurance charges. Pursuant to sec. 779.14, Stats. 1981, ACG gave the city a payment bond issued by United Pacific. Nagle Hart's claim against Staples covers rent and insurance charges due from the time the tractor may have left the city's project until Staples returned it to Nagle Hart.

The trial court held that the bond covered Nagle Hart's claim. Since in the court's view Nagle Hart had supplied the tractor to Staples in the good faith belief that it would be used on the city's project, the court concluded on the basis of *Amoco Oil Co. v. Capitol Indemnity Corp.,* 95 Wis. 2d 530, 291 N.W.2d 883 (Ct. App. 1980), that Nagle Hart could recover on the bond for rentals and charges covering the time the tractor was used off the project. The court also concluded that because the lease was not for a fixed period, Nagle Hart could recover even without proving its good faith.

The controlling issue is whether Nagle Hart, as a supplier to a subcontractor for the prime contractor, can recover on the bond. We therefore briefly describe the statutory protections for suppliers to contractors on public projects.

■

Under Wisconsin law, a construction lien may not be filed against the property owned by a public body. *In Matter of Liquidation of Wis. Surety,* 111 Wis. 2d 194, 199, 330 N.W.2d 768, 771 (1983). Consequently, the legislature enacted statutes which protect persons who furnish labor and materials for public improvement projects. *Knuth v. Fidelity & Casualty Co.,* 275 Wis. 603, 608, 83 N.W.2d 126, 129 (1957). Those statutes are a bonding law, sec. 779.14, Stats., and a lien law, sec. 779.15, Stats. 1981.

■ Sections 779.14 and 779.15, Stats., protect only those persons who furnish supplies to or who subcontract with the prime contractor on a public project. Section 779.15(1), Stats. 1981, provides, "[a]ny person furnishing labor or materials to be used or consumed in making public improvements or performing public work ... to any prime contractor ... shall have a lien on the money ... due or to become due the prime contractor ...." A supplier to a subcontractor for the prime contractor has no lien under sec. 779.15(1). *See Lehmann Tire & Supply v. Mashuda Constr. Co.,* 14 Wis. 2d 176, 179–80, 109 N.W.2d 650, 651–52 (1961) (supplier to subcontractor has no lien under sec. 289.53(1), Stats. 1957, a predecessor to sec. 779.15(1), Stats.).

The bonding law, sec. 779.14(1), Stats. 1981. provides that a public improvement or work contract "shall contain a provision for the payment by the prime contractor of all claims for labor performed and materials furnished, used or consumed in making the public improvement or performing the public work ...." The same statute requires the prime contractor to give a bond, "conditioned for the faithful performance of the contract and the payment to every person entitled thereto of all the claims for labor performed and materials furnished under the contract, to be used or consumed in making the public improvement or performing the public work as provided in the contract and this subsection."

■ Unlike the lien statute, sec. 779.15(1), Stats., which expressly limits the lien to labor or materials furnished "to any prime contractor," the bond statute, sec. 779.14(1), does not specify the persons for whose

protection the bond must be given. It was early decided, however, that a supplier to a subcontractor cannot recover on the bond. *See Gilson Bros. Co. v. Worden-Allen Co.,* 220 Wis. 347, 353, 265 N.W. 217, 220 (1936) (subcontractor of subcontractor cannot recover on bond required by sec. 289.16, Stats. 1931, a predecessor to sec. 779.14(1), Stats. 1981).

Nevertheless, under certain circumstances a supplier to a subcontractor can recover on the bond, even though the supplier has no rights under sec. 779.14(1) and no lien under sec. 779.15, Stats. "[I]n the case of a bond given pursuant to sec. 289.16(1) [a predecessor to sec. 779.14(1), the bonding statute], if its terms are substantially broader than the statute requires, it will be construed to cover claims not 'lienable' under the statute," and the supplier can recover on the bond. *Knuth,* 275 Wis. at 609, 83 N.W.2d at 130.

*Peabody Seating Co. v. Jim Cullen, Inc.,* 56 Wis. 2d 119, 125–26, 201 N.W.2d 546, 549–50 (1972), somewhat ambiguously stated the rule the *Knuth* court had announced. The *Peabody* court noted that although the supplier to a subcontractor on a public project has no lien under sec. 289.53, Stats. 1965 [a predecessor to sec. 779.15(1)], the supplier may recover on the bond if its terms are sufficiently broad. The *Peabody* court suggested that the comparison is between the terms of the bond and the language of the lien statute. The court said, "Where the bond is clearly broader than the [lien] statute requires, claims not 'lienable' under the statute can be recoverable under the bond." The court relied, however, on the same statement by the *Knuth* court which we have quoted above. *Id.* at 126 n. 9, 201 N.W.2d at 550. We conclude that the *Peabody* court intended no change in the *Knuth* court's rule:

that the comparison is between the bond and the bonding statute.[1]

Our first task is to determine the breadth of the bond. We construe the bond with the contract it secures. *Riley Construction Co. v. Schillmoeller & Krofl Co.,* 70 Wis. 2d 900, 905, 236 N.W.2d 195, 198 (1975). The contract contains no provision regarding the contractor's duty to pay for labor and materials supplied on the project, except that Hayward's acceptance of the prime contractor's bid refers to the "required" bond. The "required" bond is the bond specified in sec. 779.14(1), Stats. We conclude that nothing in the contract discloses an intent by the City of Hayward to require bond coverage greater than that specified in the statute.

We next compare the bond with the statute to determine whether the bond provides coverage "clearly broader" than the statute requires. *Peabody,* 56 Wis. 2d at 125–26, 201 N.W.2d at 550; *Knuth,* 275 Wis. at 609, 83 N.W.2d at 130. Nagle Hart argues that the language of the bond is "clearly" broader than that in sec. 779.14(1), Stats., for two reasons: first, the statute does not enumerate those "entitled" to payment and the bond does; second, the bond enumerates the types of things which are to be covered, removing any doubt

---

[1]*H. H. Robertson Co. v. Lumbermen's Mut. Cas. Co.,* 94 F.R.D. 578 (W.D. Pa. 1982) impliedly reached the same conclusion. In that case, the plaintiff had supplied a subcontractor on a public works project in Wisconsin and brought an action on the prime contractor's bond. After citing *Peabody Seating Co., Inc.,* the *Robertson* court said that the language of the bond is to be compared to the language of sec. 779.14(1), Stats., concluded that no material differences existed and denied recovery on the bond. 94 F.R.D. at 583–84.

.as to whether it covers the furnishing of "equipment and tools." We reject these arguments.

The bond provides that United's obligation is satisfied

> if the Principal shall promptly make payment to all persons, firms, SUBCONTRACTORS, and corporations furnishing materials for or performing labor in the prosecution of the WORK provided for in such contract, and any authorized extension or modification thereof, including all amounts due for materials, lubricants, oil, gasoline, coal and coke, repairs on machinery, equipment and tools, consumed or used in connection with the construction of such WORK, and all insurance premiums on said WORK, and for all labor, performed in such WORK whether by SUBCONTRACTOR or otherwise, then this obligation shall be void: otherwise to remain in full force and effect.

That the bond is arguably broader is not enough. Nagle Hart must show that the bond is "clearly broader." *Peabody,* 56 Wis. 2d at 125–26, 201 N.W.2d at 550. It has not done so. The language of the bond and of the statute are similar. The prolixity of the bond does not extend its coverage to persons unprotected by sec. 779.14(1), Stats.

It is irrelevant that the bonding statute does not enumerate the persons "entitled" to payment but the bond does. The case law has established that the statute protects only those who furnish labor and materials to the contractor, notwithstanding the broader language of the statute. *Gilson Bros.,* 220 Wis. at 350–51, 265 N.W. at 218–19. The *Peabody* court concluded that the bond before it was "clearly broader" than the statute because the bond defined a claimant "as one having a direct contract with the

Principal or with a sub-contractor of the Principal ..."
56 Wis. 2d at 125, 201 N.W.2d at 550. No such provision is in the bond before us. Since nothing in the bond indicates that it covers suppliers to subcontractors, it is immaterial that the bond more specifically enumerates the things it covers than does the statute.

We conclude that the language of the bond is not broader than that required by sec. 779.14(1), Stats. Because Nagle Hart is not entitled to the protections of the statute, we conclude that the bond does not cover its claim. For that reason, we need not decide whether Nagle Hart established that it rented the tractor to Staples with the good faith expectation that the tractor would be used on the Hayward project.

Since our review on summary judgment is *de novo,* and it appears that United Pacific is entitled to summary judgment, we will reverse the judgment entered by the trial court and remand with directions to dismiss the complaint. Sec. 802.08(6), Stats.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment dismissing the complaint.