A. KIECKHEFER ELEVATOR COMPANY, Appellant, vs. MUSIC ARTS CORPORATION and others, Defendants: MASSACHUSETTS BONDING & INSURANCE COMPANY, Respondent.

*January 8—February 6, 1934.*

For the appellant there was a brief by *Bottum, Hudnall, Lecher, McNamara & Michael,* and oral argument by *Suel O. Arnold,* all of Milwaukee.

*Michael Levin* of Milwaukee, for the respondent.

ROSENBERRY, C. J.    The plaintiff claims that the bond in question is a donee beneficiary contract given for its benefit and that subject to the conditions of the bond it may maintain an action against the surety.    The defendants claim that the bond is an indemnity agreement payable only to the obligees named and therefore no action can be maintained against the Massachusetts Bonding and Insurance Company, hereinafter called the Insurance Company.

By the terms of the bond the principal and surety agree to do three things: first, well and truly pay or cause to be paid and discharged of record the lien of the plaintiff; second, to save and bear harmless as their interest may appear the mortgagee, the lessor and the beneficiary of the lease, from all actions, damages, costs, charges, etc.; and third, to protect and save harmless the obligees from any consequences of actions, damages, costs, charges, etc.  The contract in this case was one for the benefit of a third party within the rule laid down in a long line of cases commenc-

ing with *Concrete Steel Co. v. Illinois Surety Co.* 163 Wis. 41, 157 N. W. 543. The Insurance Company upon the authority of *Gumz v. United States F. & G. Co.* 209 Wis. 408, 245 N. W. 82, argues that the contract is one of indemnity merely, indemnifying the obligee parties against damage and loss and therefore no action can be maintained upon it by the plaintiff. In *Gumz v. United States F. & G. Co.* it was pointed out as plainly as the English language permits, that in that case the promise to pay was qualified by the provision in the contract "so that the same when completed shall be free and clear of all mechanics', materialmen's, laborers', architects', contractors' and subcontractors' liens."

No such modification appears in the bond in this case. In addition to the promise to pay in most of the contracts dealt with in this class of cases, there has also been an agreement to save harmless, and it is only where the particular language involved requires the court to hold that there is a modification of the promise to pay that the doctrine of third-party beneficiary contracts does not apply. Here, as already pointed out, there were three promises—first, to pay; second, to save harmless; and third, to protect from consequences, etc. These are independent promises and one does not qualify the other.

It is argued that the fact that the bond sued upon was given after the materials were furnished distinguishes this from cases like the *Concrete Steel Co. Case, supra.* It is the condition of the bond, not the time when it is executed, that determines the surety's liability. If it is to pay a certain claim or class of claims, it is immaterial whether it was entered into before or after the claim or class of claims arose.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to enter an order overruling the demurrer and for further proceedings according to law.