IOWA SHEET METAL CONTRACTORS, INC., Respondent, v. KNAB COMPANY, INC., and another, Appellants.

*October 1—October 30, 1962.*

494

For the appellants there was a brief by *Arnold, Murray & O'Neill* of Milwaukee, and oral argument by *Suel O. Arnold.*

For the respondent there was a brief by *Quarles, Herriott & Clemons,* attorneys, and *Maxwell H. Herriott* and *Lau-*

*rence E. Gooding, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Gooding.*

DIETERICH, J. For the purposes of this opinion, the plaintiff-respondent, Iowa Sheet Metal Contractors, Inc., will hereinafter be referred to as "Iowa." The defendants-appellants, the Knab Company, Inc., and American Automobile Insurance Company, will hereinafter be referred to as "Knab" and "Insurance Company." Mt. Sinai Hospital will hereinafter be referred to as "Mt. Sinai."

The facts to this action were agreed upon by the parties in a stipulation dated February 20, 1961. They are in substance as follows:

On December 15, 1954, Knab and Mt. Sinai entered into an agreement by the terms of which Knab agreed to perform work and furnish material for the plumbing, heating, air conditioning, and ventilation of the additions and alterations to the building of Mt. Sinai.

The contract between Mt. Sinai and Knab provided that unless otherwise stipulated, the contractor would "provide and pay for all materials, labor, water, tools, equipment, light, power, transportation, and other facilities necessary for the execution and completion of the work." The contract further provided that before commencing the work "the contractor may be requested to furnish surety-company bond acceptable to the owner, in a sum equal to 100 percent of the contract, covering the fulfilment of the terms of the contract with the additional obligation, that the contractor will make prompt and full payments to all persons furnishing him with materials or performing labor in the prosecution of the work, and save the owner harmless from all costs resulting from his failure to do so."

On December 21, 1954, Mt. Sinai wrote a letter to Chris Schroeder & Son, Inc., requesting contract bonds for the

construction of an addition to its hospital in the amount of $496,000.

On January 3, 1955, Chris Schroeder & Son, Inc., wrote to the engineer in Chicago stating that it had received a request from Mt. Sinai for a surety bond covering the heating and plumbing contractor and asked for a copy of the contract executed or to be executed by the contractor.

On the 12th day of January, 1955, a month after the execution of the contract between Knab and Mt. Sinai, Knab as principal, and the Insurance Company as surety, executed and delivered to Mt. Sinai a surety bond.

The relevant portions of the bond read as follows:

"Performance and Payment Bond . . . Whereas, the principal [Knab] has, by written agreement, dated December 15, 1954, entered into a contract with the obligee [Mt. Sinai] for providing all materials, and performing all work in connection with additions and alterations to buildings located at 908 North Twelfth Street, Milwaukee, Wisconsin, relating specifically to plumbing, heating, air conditioning, and ventilation, oil burners and boilers in accordance with plans and specifications provided by A. Epstein & Sons, Inc., engineers, a copy of which is by reference made a part hereof.

"Now therefore, the condition of this obligation is such that if the principal [Knab] shall faithfully perform the contract on his part free and clear of all liens arising out of claims for labor and materials entering into the construction, and indemnify and save harmless the obligee [Mt. Sinai] from all loss, cost, or damage which he may suffer by reason of the failure so to do, then this obligation shall be void, otherwise it shall remain in force.

"Signed, sealed, and dated December 15, 1954. . . ."

The premium on the bond was not paid by Knab.

On December 15, 1954, Iowa and Knab entered into an agreement by the terms of which Iowa agreed to furnish labor and materials for the ventilation and air-conditioning system being installed in the Mt. Sinai addition. Iowa per-

formed the terms and conditions of the agreement on its part and demanded payment of the contract price.

The parties stipulated at a pretrial conference before the court on October 17, 1960, that the principal sum of $21,747.25 was due and owing to Iowa from Knab. Interest at the rate of five percent per annum was due and owing to Iowa in the amounts as of the date set opposite the amount:

| Amount | Date |
| --- | --- |
| $11,203.65 | November 16, 1956. |
| 1,690.68 | May 5, 1957. |
| 8,852.92 | October 1, 1957. |

The record fails to disclose that Iowa had a lien against the Mt. Sinai addition. The issue on this appeal is whether, under those circumstances, the surety bond and contract read together obligate the Insurance Company to pay for the labor and materials supplied to Knab by Iowa.

The pertinent language of the bond states that "if the principal [Knab] shall faithfully perform the contract on his part, free and clear of all liens arising out of claims for labor and materials . . . then this obligation shall be void." Appellants Knab and Insurance Company read the clause "free and clear of all liens . . ." as a condition on the promise to pay. This is the same construction used in *Gumz v. United States Fidelity & Guaranty Co.* (1932), 209 Wis. 408, 411, 245 N. W. 82, where the following language was so construed, to wit: ". . . and shall pay the costs of so completing said project, so that same when completed shall be free and clear of all . . . liens, . . ."

This construction of the bond however does not take into consideration the language of the contract in the instant action which is also relevant to a determination of the obligation imposed upon the Insurance Company as surety. Sec. 9 of the contract states that ". . . the contractor

[Knab] shall provide and pay for all materials, labor . . ."
Sec. 30 reads: ". . . the contractor [Knab] may be requested to furnish surety company bond acceptable to the owner [Mt. Sinai] . . . with the additional obligation, that the contractor [Knab] will make prompt and full payments to all persons furnishing him with materials or performing labor . . ."

Iowa construes the bond to impose three conditions: (1) To faithfully perform the contract, including all specifications which includes the promise to pay for materials; (2) to maintain the property free and clear of liens, which includes the expense of removing any liens that may have been placed against the property either legally or illegally; and (3) to indemnify the obligee (Mt. Sinai) from any loss or expense it may have, either because of the contractor's (Knab) failure to perform the contract or because of any liens which may have been imposed upon the property. This type of analysis was used to construe the language of a surety bond in *A. Kieckhefer Elevator Co. v. Massachusetts Bonding & Ins. Co.* (1934), 214 Wis. 133, 134, 252 N. W. 591. In that case the pertinent language of the bond read somewhat differently, to wit: ". . . shall . . . pay . . . the said lien . . . and shall save and bear harmless . . . from all actions, . . . growing out of said lien . . . and shall protect and save harmless . . . from any consequences . . ."

Neither the bond from the *Gumz Case* nor the bond from the *Kieckhefer Case* contains identical language to that contained in the bond before us in the instant action and therefore do not apply. When the contract between Knab and Mt. Sinai is read together with the bond, the conclusion is inescapable that the bond guarantees payment for all labor and materials supplied to Knab for the purpose of building the addition to Mt. Sinai. Whether or not the subcontractor or supplier has a lien against the Mt. Sinai addition is irrelevant; the bond is titled "Performance and Payment

Bond", and the surety is bound under the terms so expressed.

*By the Court.*—Judgment affirmed.